DILLON, Judge.
*456 Sherif A. Philips ("Plaintiff") appeals from an order awarding attorneys' fees to Pitt County Memorial Hospital, Inc., Paul Bolin, Ralph Whatley, Sanjay Patel, and Cynthia Brown ("Defendants"). For the following reasons, we affirm.
*457 I. Background
Plaintiff commenced this action against Pitt County Memorial Hospital and four physicians in connection with the hospital's decisions to suspend and subsequently revoke Plaintiff's admitting and staff privileges. Plaintiff asserted a number of claims including that for punitive damages. This appeal is the second that has been brought to this Court in this action. In the first appeal, we affirmed the trial court's grant of summary judgment in favor of Defendants. A fuller recitation of the facts and procedural history giving rise to this litigation is available for reference in that opinion, Philips v. Pitt Cnty. Mem'l Hosp., Inc., 222 N.C.App. 511, 731 S.E.2d 462 (2012).
On remand from the first appeal, the trial court awarded attorneys' fees to Defendants in the amount of $444,554.45. Plaintiff entered written notice of appeal from that award.[1]
II. Analysis
Plaintiff makes essentially two arguments on appeal, which we address in turn.
A. Frivolous or Malicious
In his first argument, Plaintiff contends that the trial court erred in awarding Defendants attorneys' fees because there was no competent evidence to support the court's findings that his claims were frivolous or malicious. We disagree.
In North Carolina, awards of attorneys' fees are only allowed where specifically authorized by statute. See, e.g., In re King, 281 N.C. 533, 540, 189 S.E.2d 158, 162 (1972). In the present case, the trial court awarded attorneys' fees pursuant to N.C. Gen. Stat. § 1D-45, which authorizes awards based on *884 frivolous or malicious claims for punitive damages. See N.C. Gen. Stat. § 1D-45 (2014). Specifically, the trial court determined that Plaintiff's claim for punitive damages against Defendants was frivolous or malicious. *458 We review awards of attorneys' fees, including awards pursuant to N.C. Gen. Stat. § 1D-45, for an abuse of discretion. GE Betz, Inc. v. Conrad, ---N.C.App. ----, ----, 752 S.E.2d 634, 654 (2013). However, in evaluating whether the court abused its discretion, we consider the court's findings in support of its award. Brown's Builders Supply, Inc. v. Johnson, ---N.C.App. ----, ----, 769 S.E.2d 653, 657-58 (2015). We review these findings to determine whether competent evidence supports them and whether they, in turn, support the court's conclusions. GE Betz, ---N.C.App. at ----, 752 S.E.2d at 654.
Under N.C. Gen. Stat. § 1D-45, a claim for punitive damages is "frivolous" where its "proponent can present no rational argument based upon the evidence or law in support of it." Rhyne v. K-Mart Corp., 149 N.C.App. 672, 689, 562 S.E.2d 82, 94 (2002) (internal marks omitted), aff'd, 358 N.C. 160, 594 S.E.2d 1 (2004). Furthermore, a claim is "malicious" where it is "wrongful and done intentionally without just cause or excuse or as a result of ill will." Id.
In the present case, the trial court made a number of findings, including that Plaintiff had admitted to unprofessional conduct and that this was a valid basis for the initiation of corrective action under hospital bylaws; that Plaintiff misrepresented the true nature of his medical practice and never would have received admitting privileges were it not for this misrepresentation; that Plaintiff failed to comply with conditions of his reappointment and the requirements of hospital bylaws after corrective action was initiated against him; that Plaintiff had knowledge of his lack of compliance and continued to violate flagrantly the bylaws after being notified of his non-compliance; and that despite this knowledge, Plaintiff "persisted in his allegations that [his hospital privileges were suspended and then revoked] without any valid factual or legal support."
We believe that there is competent evidence supporting all of the challenged findings, that the findings as a whole support the court's ultimate findings that Plaintiff's claims were frivolous and malicious, and that the court's award of attorneys' fees reflected a reasoned judgment. Therefore, we hold that the trial court did not abuse its discretion. Accordingly, this argument is overruled.
B. Apportionment of Fees
Plaintiff next argues that the attorneys' fees awarded by the trial court were excessive because the claim for punitive damages was factually and legally distinct from the other claims and recovery of attorneys'
*459 fees was only authorized for the punitive damages claim, not the other claims. We disagree.
As stated above, there is a statutory basis for an award of attorneys' fees to Defendants in their defense of the punitive damages claim asserted by Plaintiff. It is true, as Plaintiff contends, that there is no statutory basis to award attorneys' fees to Defendants for their defense of other claims asserted by Plaintiff. However, we have held that where attorneys' fees are not recoverable for defending certain claims in an action but are recoverable for other claims in that action, fees incurred in defending both types of claims are recoverable where the time expended on defending the non-recoverable and the recoverable claims overlap and the claims arise "from a common nucleus of law or fact." Okwara v. Dillard Dep't. Stores, Inc., 136 N.C.App. 587, 595, 525 S.E.2d 481, 486-87 (2000). Therefore, as we have held, apportionment of fees is unnecessary when all the claims in an action arise from the same nucleus of operative fact such that "each claim [is] 'inextricably interwoven' with the other claims[.]" Whiteside Estates, Inc. v. Highlands Cove, L.L.C., 146 N.C.App. 449, 467, 553 S.E.2d 431, 443 (2001).
In the present case, the trial court found that Plaintiff's claims arise from a common legal and factual nucleus; that the allegations in support of Plaintiff's claim for punitive damages were central to Defendants' liability for all the claims; and that apportionment *885 of legal fees between the claims was impractical. Plaintiff focuses on the element of frivolousness or maliciousness, which the punitive damages claim did not share with the underlying claims, in arguing that the factual and legal nucleus of the claims differed. We are not persuaded.
We need only look to the allegations in Plaintiff's complaint to see that Plaintiff alleged and incorporated by reference all the allegations of conduct comprising the substance of his other claims in support of his claim for punitive damages, adding only that in addition to all his other allegations, the injuries inflicted against him were done with malice, conscious disregard, intent, design, and purpose. We do not believe that the trial court erred in determining that both the recoverable punitive damages claim and the non-recoverable claims arose from a common nucleus of law and fact and were "inextricably interwoven" with one another. Therefore, we hold that apportionment of fees between the punitive damages claim and the underlying claims was unnecessary. Accordingly, this argument is overruled.
*460 III. Conclusion
For the reasons stated herein, the trial court's award of attorneys' fees is affirmed.
AFFIRMED.
Judges ELMORE and GEER concur.
Report per Rule 30(e).

Defendants have moved to dismiss this appeal based on Plaintiff's failure to include a filed and signed copy of the order appealed from in the record on appeal. Plaintiff's counsel appears to have inadvertently included a non-file stamped copy of the order in the record on appeal and has moved to amend the record to include a file stamped, signed copy of the order, or, in the alternative, petitioned for certiorari. We hereby deny Defendants' motion to dismiss, grant Plaintiff's motion to amend the record to include the appropriately signed and stamped copy of the order, and deny the petition for certiorari. We note that this formal defect, while serious, has not impaired our task of review.