IN THE COURT OF APPEALS OF NORTH CAROLINA

 2022-NCCOA-122

 No. COA21-110

 Filed 1 March 2022

 Carteret County, Nos. 19 CVS 797–99

 HOLLIS L. BATSON and CAROL D. BATSON, LAWRENCE F. BALDWIN and
 ELIZABETH C. BALDWIN, BALDWIN-BATSON OWNERS’ ASSOCIATION, INC.,
 Petitioners.

 v.

 COASTAL RESOURCES COMMISSION and NORTH CAROLINA DEPARTMENT
 OF TRANSPORTATION, Respondents.

 Appeal by respondent from order entered 23 September 2020 by Judge Charles

 H. Henry in Carteret County Superior Court. Heard in the Court of Appeals 17

 November 2021.

 Davis Hartman Wright PLLC, by I. Clark Wright, Jr., for petitioners-appellees.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General Mary L.
 Lucasse, for respondent-appellant Coastal Resources Commission.

 DIETZ, Judge.

¶1 This appeal concerns the Coastal Resources Commission’s conduct in a permit

 challenge to the Harkers Island Bridge replacement. By statute, the Commission

 must screen requests from third parties seeking to challenge this sort of permitting

 decision and deny requests that the Commission determines to be frivolous.

¶2 The Commission denied Petitioners’ request for a regulatory challenge as
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Opinion of the Court

 frivolous, and Petitioners sought judicial review in the trial court. The court rejected

 the Commission’s reasoning and remanded for an administrative proceeding. The

 court later awarded attorneys’ fees against the Commission, and the Commission

 appealed that award.

¶3 As explained below, we hold that the trial court had the authority to award

 attorneys’ fees for this type of agency decision. But we remand the case for additional

 findings with respect to whether the Commission acted without substantial

 justification. On remand, the trial court may make additional findings on the existing

 record or conduct any further proceedings the court deems necessary in the interests

 of justice.

 Facts and Procedural History

¶4 In 2019, the North Carolina Division of Coastal Management issued a permit

 to the North Carolina Department of Transportation for construction of a new bridge

 to replace the aging bridges connecting Harkers Island to the mainland of our State.

¶5 Petitioners are nearby landowners who believed there were issues with DOT’s

 permit. By law, third parties impacted by this type of permitting decision may

 challenge the regulatory decision through a contested case proceeding. But the

 General Statutes also impose a gatekeeping role on the Coastal Resources

 Commission. Under N.C. Gen. Stat. § 113A-121.1, a third party “who is dissatisfied

 with a decision to deny or grant a minor or major development permit may file a
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Opinion of the Court

 petition for a contested case hearing only if the Commission determines that a

 hearing is appropriate.” N.C. Gen. Stat. § 113A-121.1(b). The Commission’s

 determination “shall be based on whether the person seeking to commence a

 contested case: (1) Has alleged that the decision is contrary to a statute or rule; (2) Is

 directly affected by the decision; and (3) Has alleged facts or made legal arguments

 that demonstrate that the request for the hearing is not frivolous.” Id.

¶6 Petitioners submitted a one-page request for authorization to pursue a

 contested case challenging the permit, and the Commission denied the request. The

 Commission concluded that Petitioners failed to demonstrate “that the Request for a

 hearing is not frivolous.”

¶7 Section 113A-121.1 permits judicial review of the Commission’s decision and

 Petitioners promptly sought judicial review in the trial court. After a hearing, the

 trial court rejected the Commission’s determination and remanded the matter to the

 Office of Administrative Hearings for a contested case proceeding. Relevant to this

 appeal, the trial court found that the Commission’s repeated determinations that

 Petitioners’ claims were frivolous “are not supported by the record, or the plain

 meaning of the words ‘not frivolous’ as used in N.C.G.S. §113A-121.1(b)(3).” The

 Commission did not appeal the trial court’s order.

¶8 Petitioners later requested an award of attorneys’ fees and costs against the

 Commission under N.C. Gen. Stat. § 6-19.1. The trial court granted the request in a
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Opinion of the Court

 written order with findings of fact and conclusions of law and awarded $89,444.36 in

 attorneys’ fees to Petitioners. The Commission timely appealed.

 Analysis

 I. Trial court authority to award fees under N.C. Gen. Stat. § 6-19.1

¶9 The Commission first challenges the authority of the trial court to award

 attorneys’ fees under N.C. Gen. Stat. § 6-19.1. The Commission contends that the

 statute does not apply to its actions in its statutory gatekeeping role under N.C. Gen.

 Stat. § 113A-121.1.

¶ 10 A trial court may award attorneys’ fees only as authorized by statute. City of

 Charlotte v. McNeely, 281 N.C. 684, 691, 190 S.E.2d 179, 185 (1972). This Court

 reviews whether particular statutory language authorizes an award of attorneys’ fees

 de novo. Applewood Props., LLC v. New S. Props., LLC, 366 N.C. 518, 522, 742 S.E.2d

 776, 779 (2013).

¶ 11 This case is governed by Section 6-19.1(a) of our General Statutes, which

 permits an award of attorneys’ fees against a State agency by a prevailing party who

 is contesting state action and demonstrates that the agency acted without substantial

 justification in pressing its claim:

 § 6-19.1. Attorney’s fees to parties appealing or defending
 against agency decision.

 (a) In any civil action, other than an adjudication for the
 purpose of establishing or fixing a rate, or a disciplinary
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Opinion of the Court

 action by a licensing board, brought by the State or brought
 by a party who is contesting State action pursuant to G.S.
 150B-43 or any other appropriate provisions of law, unless
 the prevailing party is the State, the court may, in its
 discretion, allow the prevailing party to recover reasonable
 attorney’s fees, including attorney’s fees applicable to the
 administrative review portion of the case, in contested
 cases arising under Article 3 of Chapter 150B, to be taxed
 as court costs against the appropriate agency if:

 (1) The court finds that the agency acted without
 substantial justification in pressing its claim against the
 party; and

 (2) The court finds that there are no special circumstances
 that would make the award of attorney’s fees unjust.

 N.C. Gen. Stat. § 6-19.1(a).

¶ 12 Our Supreme Court has held that the purpose of this statute mirrors the

 federal Equal Access to Justice Act, with which it shares “similar language.” Crowell

 Constructors v. State ex rel. Cobey, 342 N.C. 838, 843, 467 S.E.2d 675, 679 (1996).

 That purpose is to ensure private parties effectively can participate in the court

 process when facing the government—whose resources substantially outweigh

 ordinary citizens—by permitting recovery of litigation expenses when the

 government acts unreasonably. See, e.g., Roanoke River Basin Ass’n v. Hudson, 991

 F.2d 132, 138 (4th Cir. 1993).

¶ 13 The Commission presents several reasons why it believes its action in this case

 cannot meet the statutory criteria of Section 6-19.1(a). First, the Commission argues
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Opinion of the Court

 that its “gate-keeper decision is not a civil action nor is an appeal of the Commission’s

 gate-keeper decision.” But it is now well-settled that a petition for judicial review is

 “a civil action.” Winkler v. N.C. State Bd. of Plumbing, 374 N.C. 726, 733, 843 S.E.2d

 207, 212 (2020). So, for example, when a State agency denied an administrative

 request for rulemaking and the applicant later petitioned for judicial review and

 secured an order commanding the agency to commence the rulemaking, we held that

 the judicial review proceeding was a civil action. Table Rock Chapter of Trout

 Unlimited v. Envtl. Mgmt. Comm’n, 191 N.C. App. 362, 363–64, 663 S.E.2d 333, 335

 (2008). Similarly here, Petitioners sought permission to begin an administrative

 proceeding, but the Commission declined to grant that permission. The applicable

 statute expressly provides that the Commission’s “determination that a person may

 not commence a contested case is a final agency decision and is subject to judicial

 review under Article 4 of Chapter 150B of the General Statutes.” N.C. Gen. Stat.

 § 113A-121.1(b). That judicial review proceeding, under settled law, is a civil action.

 Winkler, 374 N.C. at 733, 843 S.E.2d at 212; Table Rock, 191 N.C. App. at 363–64,

 663 S.E.2d at 335.

¶ 14 Moreover, as our Supreme Court observed in Winkler, the General Assembly

 excluded certain agency decisions subject to judicial review from the scope of Section

 6-19.1. 374 N.C. at 733, 843 S.E.2d at 212. Had our legislature intended to insulate

 the Commission’s gatekeeper decisions from the statute as well, “the legislature could
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Opinion of the Court

 have explicitly excepted” the Commission’s decisions as it did those other agency

 decisions. Id. Accordingly, we hold that a judicial review proceeding challenging the

 Commission’s gatekeeper decision under N.C. Gen. Stat. § 113A-121.1 is a civil action

 contesting State action that falls within the language of N.C. Gen. Stat. § 6-19.1.

¶ 15 Our dissenting colleague raises his own issues with the trial court’s order, none

 of which are advanced by the Commission, and for good reason. First, the dissent

 argues that the trial court lacked subject matter jurisdiction over this fee petition

 because “Petitioners did not submit a request for attorney’s fees initially to the

 Commission, in their petition for judicial review, or to the OAH at any time.”

¶ 16 This argument ignores both the language of the statute and settled case law.

 Petitioners were not required to assert their fee request before the Commission or in

 their initial petition for judicial review to confer subject matter jurisdiction on the

 trial court. Section 6-19.1 provides that the “party shall petition for the attorney’s

 fees within 30 days following final disposition of the case.” N.C. Gen. Stat. § 6-19.1.

 Filing the petition within 30 days of final disposition is the “jurisdictional

 prerequisite to the award of attorney’s fees.” Daily Express, Inc. v. Beatty, 202 N.C.

 App. 441, 446, 688 S.E.2d 791, 796 (2010).

¶ 17 This “final disposition” occurs “after the decision has become final and it is too

 late to appeal.” Whiteco Indus., Inc. v. Harrelson, 111 N.C. App. 815, 818, 434 S.E.2d

 229, 232 (1993) (emphasis in original). Thus, to confer jurisdiction over a fee request
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Opinion of the Court

 under Section 6-19.1, a petitioner must file the petition within 30 days after the

 expiration of any time to appeal the trial court’s order. Daily Express, 202 N.C. App.

 at 446, 688 S.E.2d at 796. Here, as Petitioners explained in their petition, the trial

 court entered its order rejecting the Commission’s final agency decision on 27 April

 2020. The time for the Commission to appeal expired 30 days after entry of that order.

 Petitioners filed their petition for attorneys’ fees on 17 June 2020. That petition was

 timely filed within 30 days after the expiration of the time to appeal the trial court’s

 order and thus within 30 days after “final disposition” of the matter. Id.

¶ 18 Our dissenting colleague next asserts that the trial court, in a judicial review

 proceeding, sits as “an appellate court” and thus the superior court “could not find

 the requisite facts to award the attorney’s fees.” This is wrong. Our appellate courts

 repeatedly have held that trial courts, sitting in their “appellate” role in judicial

 review proceedings, have the authority to later award attorneys’ fees under Section

 6-19.1 and to make the corresponding fact findings necessary to support that award.

 See, e.g., Winkler, 374 N.C. at 733–35, 843 S.E.2d at 212–13.

¶ 19 Our dissenting colleague also contends that the “superior court divested

 jurisdiction when the 27 April 2020 judicial review remand order was entered.”

 Again, this is wrong. As discussed above, Section 6-19.1’s “plain language requires a

 prevailing party seeking recovery of attorney’s fees to ‘petition’ for them.” Hodge v.

 N.C. Dep’t of Transp., 161 N.C. App. 726, 729, 589 S.E.2d 737, 739 (2003). The petition
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Opinion of the Court

 must be filed within 30 days after final disposition of the matter. Id. The reason why

 this attorneys’ fees request must be made in the form of a petition is that, in most

 cases, once there is a final disposition and the time to appeal is exhausted, the trial

 court will no longer have jurisdiction over the underlying case. The use of a petition

 for attorneys’ fees within the 30-day window acts as a “jurisdictional prerequisite”

 that confers subject matter jurisdiction on the trial court to address the request for

 attorneys’ fees, notwithstanding that the court no longer has jurisdiction over the

 matter that gave rise to the fee request. Id.

¶ 20 Our dissenting colleague also argues that a provision in Chapter 150B

 authorizing administrative law judges to award attorneys’ fees in contested case

 proceedings preempts N.C. Gen. Stat. § 6-19.1 in this case. Again, this is not an

 argument advanced by the Commission because this argument is precluded by

 controlling case law that repeatedly has interpreted Section 6-19.1 to permit an

 award of attorneys’ fees in matters that stem from administrative proceedings under

 Chapter 150B. See, e.g., Kelly v. N.C. Dep’t of Env’t & Nat. Res., 192 N.C. App. 129,

 142, 664 S.E.2d 625, 634 (2008).

¶ 21 Our colleague’s argument also is flatly inconsistent with the text of N.C. Gen.

 Stat. § 6-19.1, which states that “the court may, in its discretion, allow the prevailing

 party to recover reasonable attorney’s fees, including attorney’s fees applicable to the

 administrative review portion of the case, in contested cases arising under Article 3
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Opinion of the Court

 of Chapter 150B, to be taxed as court costs against the appropriate agency . . . .” N.C.

 Gen. Stat. § 6-19.1(a). This portion of the statute was added in a bill whose title

 explains that it is an act “to authorize the courts to award reasonable attorney’s fees

 for administrative hearings.” 2000 N.C. Sess. Laws 190. Thus, there is no principled

 basis to assert that the attorneys’ fees provision in Chapter 150B, even if it applied

 in this case, is a bar to an award under Section 6-19.1.

¶ 22 We must add “even if it applied in this case” here because, of course, Petitioners

 are not seeking attorneys’ fees for any portion of the Chapter 150B contested case

 proceeding challenging the State’s permitting decision. The General Assembly chose

 to confer on the Coastal Resources Commission the power to act as a gatekeeper and

 prevent parties from initiating contested case challenges to certain permitting

 decisions. N.C. Gen. Stat. § 113A-121.1. But the General Assembly also chose to make

 the Commission’s ruling a “final agency decision” and give the courts the power to

 review that decision: “A determination that a person may not commence a contested

 case is a final agency decision and is subject to judicial review under Article 4 of

 Chapter 150B of the General Statutes.” Id. § 113A-121.1(b).

¶ 23 Thus, in this case, Petitioners challenged a final agency decision, prevailed in

 court, and then sought attorneys’ fees for the costs of bringing that challenge to the

 final agency decision in the court system. Their fee request against the Commission

 has nothing to do with the separate contested case proceeding that they later
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Opinion of the Court

 pursued.

¶ 24 The Commission next argues that Section 6-19.1 does not apply because the

 petitioners were not “prevailing parties” under the statute. This Court has “adopted

 the merits test as the proper standard for awarding attorney’s fees to ‘prevailing’

 parties pursuant to N.C. Gen. Stat. § 6–19.1.” H.B.S. Contractors, Inc. v. Cumberland

 Cty. Bd. of Educ., 122 N.C. App. 49, 57, 468 S.E.2d 517, 522–23 (1996). Under that

 test, “persons may be considered prevailing parties for the purposes of attorney’s fees

 if they succeeded on any significant issue in the litigation which achieves some of the

 benefit the parties sought in bringing the suit.” Id. at 517, 468 S.E.2d at 523.

¶ 25 Here, Petitioners fall squarely into the definition of a prevailing party under

 the merits test. The Commission exercised its gatekeeper authority and denied

 Petitioners the right to challenge the underlying regulatory action in an

 administrative proceeding on the ground that Petitioners’ challenge was frivolous. As

 noted above, this was a final agency decision. Petitioners then sought judicial review

 in the courts, and the trial court rejected the Commission’s determination and

 ordered that Petitioners could pursue their administrative challenge to the permit.

 Under the merits test, Petitioners were the prevailing parties in that judicial review

 proceeding because they succeeded in the relief they sought when they petitioned for

 judicial review. Id.

¶ 26 The Commission and our dissenting colleague respond by arguing, in essence,
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Opinion of the Court

 that this was not the end of the case but merely the beginning. They argue that the

 trial court’s order sent the case back to begin an administrative proceeding, and thus

 Petitioners cannot claim to be “prevailing parties” because the administrative process

 is far from over at that stage. But this argument misses the point—the challenged

 state action was the Commission’s final agency decision that Petitioners’ request to

 begin an administrative review process was frivolous. This, in turn, prevented

 Petitioners from pursuing any administrative claims at all. Petitioners challenged

 that state action in court and prevailed, ending the court’s role on that question. Thus,

 they are prevailing parties under the merits test, regardless of whether they

 ultimately prevailed in the administrative challenge to the permitting decision.

¶ 27 In sum, we hold that the trial court properly determined that it had authority

 to award attorneys’ fees to Petitioners under N.C. Gen. Stat. § 6-19.1.

 II. Substantial justification for agency decision

¶ 28 The Commission next argues that, even if the trial court had authority to

 award attorneys’ fees under Section 6-19.1, the court abused its discretion when it

 determined that the Commission’s position was not substantially justified.

¶ 29 The trial court’s overall decision to award attorneys’ fees under N.C. Gen. Stat.

 § 6-19.1 is reviewed for abuse of discretion. Winkler, 374 N.C. at 734, 843 S.E.2d at

 213. But the determination of whether an agency “acted without substantial

 justification is a conclusion of law.” Early v. Cty. of Durham, Dep’t of Soc. Servs., 193
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Opinion of the Court

 N.C. App. 334, 346, 667 S.E.2d 512, 522 (2008). Substantial justification means

 “justified to a degree that could satisfy a reasonable person.” Williams v. N.C. Dep’t

 of Env’t & Nat. Res., 166 N.C. App. 86, 89–90, 601 S.E.2d 231, 233 (2004). “In order

 to show it acted with substantial justification, the burden is on the agency to

 demonstrate that its position, at and from the time of its initial action, was rational

 and legitimate to such a degree that a reasonable person could find it satisfactory or

 justifiable in light of the circumstances then known to the agency.” Id. at 90, 601

 S.E.2d at 233.

¶ 30 Here, the Commission explained its reasons for denying Petitioners’ request

 for administrative review in a lengthy, written agency decision. The trial court

 rejected that reasoning and found it to be wrong. But the Commission’s stated

 reasons—although wrong—on their face are ones that a reasonable person could find

 satisfactory or justifiable. Specifically, the Commission thoroughly analyzed each

 conceivable ground asserted in Petitioners’ one-page request for administrative

 review and determined repeatedly that it would be “frivolous to hold a contested case

 hearing in OAH” with respect to those claims because there was no administrative

 jurisdiction or Petitioners could not prevail on the claims.

¶ 31 Still, this case is more complicated because the term “frivolous” is a term of art

 with a settled meaning in the context of legal or administrative claims. Importantly,

 frivolous does not mean unlikely to succeed or meritless. Instead, a claim is generally
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Opinion of the Court

 viewed as “frivolous” only if its “proponent can present no rational argument based

 upon the evidence or law in support of it.” Philips v. Pitt Cty. Mem’l Hosp., Inc., 242

 N.C. App. 456, 458, 775 S.E.2d 882, 884 (2015).

¶ 32 Petitioners contend that the Commission, although purporting to consider

 whether the claims were frivolous in its gatekeeping analysis, instead was examining

 whether it believed the claims had any merit or were likely to succeed. Petitioners

 assert that the Commission used this approach to readily deny administrative review

 of their claims, as the Commission has done with nearly all third-party requests for

 administrative review in recent years. Petitioners presented evidence concerning the

 Commission’s practices including the final agency decision in this case; an affidavit

 discussing the origin of the “not frivolous” language in the statute; evidence that the

 Commission denied the vast majority of all third-party requests for administrative

 review as frivolous; and evidence that a Commission decision after the trial court in

 this case granted the petition for judicial review now clearly describes and applies

 the correct definition of the term “frivolous.”

¶ 33 It is unclear from the trial court’s order whether the trial court, too, found that

 the Commission knowingly applied the wrong standard in order to deny

 administrative review to Petitioners and other third-party claimants. In its order

 awarding fees, the trial court found that the central issue before the court in the

 proceeding was the Commission’s “interpretation and application of the phrase ‘not
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Opinion of the Court

 frivolous’ as set forth in N.C.G.S. § 113A-121.1(b)(3).” But the trial court did not make

 a specific finding that the Commission’s erroneous analysis was an intended practice

 by the Commission, as opposed to a reasonable error in applying law to facts in its

 analysis in this case.

¶ 34 This is a critical fact question because, if the trial court found that the

 Commission knowingly was applying the wrong legal standard, that would constitute

 a lack of substantial justification. Tay v. Flaherty, 100 N.C. App. 51, 56, 394 S.E.2d

 217, 220 (1990). In Tay, for example, this Court held that the Guilford County

 Department of Social Services was not substantially justified in terminating the

 petitioner’s benefits—despite evidence that reasonable people could view the agency’s

 actions as justified, such as affidavits from the trial judge and attorneys practicing in

 this subject matter area stating that they believed DSS acted appropriately—because

 there was evidence that DSS knew the applicable law did not support its position. Id.

¶ 35 Ordinarily, a trial court is not required to make any fact findings in awarding

 attorneys’ fees under N.C. Gen. Stat. § 6-19.1 except for those addressing the

 reasonableness of the requested attorneys’ fees. Early, 193 N.C. App. at 347, 667

 S.E.2d at 522–23. However, because the trial court made fact findings concerning the

 Commission’s conduct in this case, but did not make a finding concerning the

 Commission’s knowledge of the appropriate test for assessing frivolous claims, we are

 reluctant to impute that finding to the trial court. This Court is permitted to review
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Opinion of the Court

 the record to assess whether competent evidence supports implied findings by a trial

 court, but we cannot find facts ourselves. Pharr v. Atlanta & C. Air Line Ry. Co., 132

 N.C. 418, 423, 44 S.E. 37, 38 (1903) (“It is well settled that this court cannot find

 facts.”). Thus, we believe the appropriate course is to remand to the trial court to

 provide an opportunity for the court to make additional fact findings that reflect the

 trial court’s intent with respect to its ruling.

¶ 36 Accordingly, we vacate the trial court’s order and remand for further

 proceedings. On remand, the trial court may enter a new order based on the existing

 record or may conduct any further proceedings necessary to resolve this matter in the

 interests of justice.

¶ 37 Because we are vacating the order and remanding for additional findings, we

 need not address the Commission’s remaining challenges to the attorneys’ fees award

 at this time. Likewise, we need not address our dissenting colleague’s discussion of

 the amount of attorneys’ fees awarded. But because our dissenting colleague suggests

 that the case should be remanded to determine whether the attorneys’ fees reported

 by Petitioners’ counsel are a violation of the Rules of Professional Conduct, we

 conclude by noting that the courts have concurrent jurisdiction over the professional

 conduct of attorneys appearing before them. Boyce v. N.C. State Bar, 258 N.C. App.

 567, 576, 814 S.E.2d 127, 133 (2018). The trial court reviewed the attorneys’ fees

 request, including the invoices and accompanying affidavits, and made a fact finding
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Opinion of the Court

 that the fees were “fair and reasonable.” To avoid any uncertainty on this question,

 we hold that the attorneys’ fee request does not raise any ethical concerns under the

 Rules of Professional Conduct.

 Conclusion

¶ 38 We vacate the trial court’s order and remand for further proceedings.

 VACATED AND REMANDED.

 Judge GRIFFIN concurs.

 Judge TYSON dissents by separate opinion.
 No. COA21-110 – Batson v. Coastal Res. Comm’n

 TYSON, Judge, dissenting.

¶ 39 North Carolina follows the “American Rule” prohibiting or restricting awards

 of attorney’s fees against an opposing party in an action. Ehrenhaus v. Baker, 243

 N.C. App. 17, 27-8, 776 S.E.2d 699, 705-06 (2015). Under the “American Rule,” each

 party is responsible to pay its own attorney’s fees, whether they win, lose, settle, or

 draw in the underlying litigation. In re King, 281 N.C. 533, 540, 189 S.E.2d 158, 162

 (1972). Our Supreme Court has also held a trial court may award attorney’s fees only

 if and when strictly authorized by statute, narrowly construed. City of Charlotte v.

 McNeely, 281 N.C. 684, 691, 190 S.E.2d 179, 185 (1972). See Stillwell Enters., Inc. v.

 Interstate Equip. Co., 300 N.C. 286, 290, 266 S.E.2d 812, 815 (1980) (Lease provision

 “allowing the lessor reasonable attorneys’ fees should the lease obligation be collected

 by an attorney after maturity, can be enforced only to the extent that the same is

 expressly allowed by statute.”).

¶ 40 Petitioners submitted a one-page request for authorization to pursue a

 contested case under North Carolina Administrative Procedure Act (“NCAPA”), N.C.

 Gen. Stat. § 150B (2021) to challenge a DOT highway bridge replacement permit the

 Commission had issued. Petitioners asserted “the bulkhead is to be constructed

 adjacent to our riparian / littoral properties.”

¶ 41 The Commission reviewed the request and concluded Petitioners had failed to

 demonstrate “that the Request for a hearing is not frivolous” and properly denied

 their request. I agree the superior court’s order must be reversed or vacated and
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Tyson, J., dissenting

 remanded. Upon remand, Petitioners’ motion for attorney’s fees must be dismissed.

 I respectfully dissent.

 I. Appellate Judicial Review

¶ 42 The superior court acted as a reviewing appellate court and was without

 jurisdiction to enter an award for attorney’s fees because: (1) Petitioners did not seek

 or raise the issue of attorney’s fees before the Commission or the Office of

 Administrative Hearings (“OAH”) prior to dismissal of its contested case; (2) an

 appellate court cannot find facts to support an award of attorney’s fees; and, (3) the

 superior court was divested of jurisdiction in this contested upon remand to the OAH.

¶ 43 Presuming the superior court had retained or possessed jurisdiction, upon

 remand Petitioners’ motion must be dismissed because it does not allege any

 statutory basis to award attorney’s fees. The superior court lacked any authority to

 award Petitioners’ attorney’s fees under these facts.

 II. Lack of Jurisdiction of Superior Court

 A. No Jurisdiction to Award Attorney’s Fees

¶ 44 Appeals from the Commission to superior court are governed by N.C. Gen. Stat.

 §§ 113A-121.1(b) and 123(a) (2021). In reviewing the Commission’s decision under

 this statute “the superior court sits as an appellate court, and no longer sits as the

 trier of fact.” Johnson v. Robertson, 227 N.C. App. 281, 286, 742 S.E.2d 603, 607

 (2013). The review of a superior court sitting as an appellate court “is based solely
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Tyson, J., dissenting

 upon the record from the prior proceedings.” N.C. Dep’t of Transp. v. Davenport, 108

 N.C. App. 178, 181, 423 S.E.2d 327, 329 (1992) (citing Batch v. Town of Chapel Hill,

 326 N.C. 1, 11, 387 S.E.2d 655, 662 (1990)).

¶ 45 Contrary to the majority’s opinion, this Court as “an appellate court has the

 power to inquire into jurisdiction in a case before it at any time, even sua sponte.”

 Xiong v. Marks, 193 N.C. App. 644, 652, 668 S.E.2d 594, 599 (2008) (citations

 omitted). “A jurisdictional default . . . precludes the appellate court from acting in

 any manner other than to dismiss the appeal.” Dogwood Dev. & Mgmt. Co. LLC v.

 White Oak Transp. Co., 362 N.C. 191, 197, 657 S.E.2d 361, 365 (2008) (citation

 omitted).

¶ 46 “[I]t is a universal rule of law that parties cannot, by consent, give a court, as

 such, jurisdiction over subject matter of which it would otherwise not have

 jurisdiction. Jurisdiction in this sense cannot be obtained by consent of the parties,

 waiver, or estoppel.” Hart v. Thomasville Motors, Inc., 244 N.C. 84, 88, 92 S.E.2d

 673, 676 (1956) (citations omitted).

¶ 47 Our Appellate Rules require parties to preserve issues for appellate review by

 “present[ing] to the [lower court] a timely request, objection or motion[.]” N.C. R.

 App. P. 10(a)(1). Petitioners did not submit a request for attorney’s fees initially to

 the Commission, in their petition for judicial review, or to the OAH at any time before

 or after the Petitioners and the North Carolina Department of Transportation
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Tyson, J., dissenting

 (“DOT”) settled and the contested case before the OAH was dismissed.

¶ 48 Petitioners also failed to preserve the right to petition for payment of attorney’s

 fees in the Settlement Agreement, Release and Covenant Not to Sue or in the Jane’s

 Creek Improvements Agreement between the DOT, the North Carolina Coastal

 Federation, and Petitioners. The issue of attorney’s fees was never properly asserted

 before any tribunal nor preserved prior to dismissal of the contested case.

¶ 49 In order to award attorney’s fees, a court must find facts “to support the court’s

 conclusion that this was a reasonable fee such as the time and labor expended, the

 skill required to perform the legal services rendered, the customary fee for like work,

 or the experience and ability of the attorney.” Morris v. Bailey, 86 N.C. App. 378,

 387, 358 S.E.2d 120, 125 (1987) (citations omitted). A superior court sitting as an

 appellate court cannot make these factual findings when no motion and findings were

 made below. See Davenport, 108 N.C. App. at 181, 423 S.E.2d at 329.

¶ 50 The majority’s opinion cites Daily Express, Inc. v. Beatty, and asserts:

 “Petitioners were not required to assert their fee request before the Commission or in

 their initial petition for judicial review to confer subject matter jurisdiction on the

 trial court.” Daily Express, Inc. v. Beatty, 202 N.C. App. 441, 688 S.E.2d 791 (2010).

 This conclusion is contrary to the holding in Daily Express. Id. at 546 688 S.E.2d at

 694. In that case, the petitioners had appealed to the superior court for de novo

 review pursuant to N.C. Gen. Stat. § 20-91.1, and not under N.C. Gen. Stat. §§ 113A-
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Tyson, J., dissenting

 121.1(b) or the NCAPA under § 150B. Id. at 449, 688 S.E.2d at 798.

¶ 51 In Daily Express, the petitioners had requested attorney’s fees in the complaint

 and in the motion for summary judgment. The trial court awarded fees in its order

 of summary judgment and without a formal petition. Id. at 447, 688 S.E.2d at 797.

¶ 52 The trial court entered an order “granting Petitioner’s motion for summary

 judgment; denying Respondent’s motion for summary judgment; ordering

 Respondent to refund to Petitioner the full amount of the civil penalty assessed in the

 amount of $24,208.00 plus interest and ordering Respondent to pay to Petitioner its

 reasonable attorney’s fees.” Id. 441-42, 688 S.E.2d at 793-94 (internal quotation

 marks and alterations omitted).

¶ 53 Here, the superior court’s order on judicial review remanded the case, divesting

 jurisdiction, as established below. The superior court, sitting as an appellate court,

 could not find the requisite facts to award the attorney’s fees, nor could it make such

 a conclusion on an issue not preserved in the settlement agreement or raised at any

 time before the Commission or the OAH. Davenport, 108 N.C. App. at 181, 423 S.E.2d

 at 329; N.C. R. App. P. 10(a)(1).

 B. Superior Court Divested of Jurisdiction upon Remand

¶ 54 “[A] court loses jurisdiction over a cause after it renders a final decree[.]”

 Wildcatt v. Smith, 69 N.C. App. 1, 11, 316 S.E.2d 870, 877 (1984) (citations omitted).

 By order entered 27 April 2020, the superior court granted Petitioners’ Petition for
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Tyson, J., dissenting

 Judicial Review and remanded the case to allow Petitioners to file a contested case

 petition before the OAH. On 17 June 2020, Petitioners filed a “Corrected Petition for

 Fees and Costs Pursuant to N.C.G.S. § 6-19.1” in the superior court.

¶ 55 The parties entered mediated settlement talks on 28 July 2020. On 31 July

 2020, the superior court held a hearing on Petitioners’ motion for attorney’s fees. The

 parties filed the Settlement Agreement, Release and Covenant Not to Sue and the

 Jane’s Creek Improvements Agreement between the DOT, the Coastal Federation,

 and Petitioners with the OAH on 25 September 2020.

¶ 56 The majority’s opinion cites Hodge v. N.C. Dep’t of Transp., 161 N.C. App. 726,

 589 S.E.2d 737 (2003) for the proposition the trial court’s remand disposition did not

 divest it of jurisdiction. This notion is contrary to the holding of Hodge. In Hodge,

 an employee challenged his dismissal before “the Office of Administrative Hearings,

 the State Personnel Commission, the Wake County Superior Court, . . . this Court,”

 before our Supreme Court held the employee had been improperly classified as

 “policymaking exempt” and terminated. Id. at 727, 589 S.E.2d at 738.

¶ 57 The employee was reinstated and awarded back pay. Id. Seventeen months

 after the Supreme Court had entered its decision, the employee petitioned in superior

 court for attorney’s fees pursuant to N.C. Gen. Stat. § 6-19.1. Id. This Court reversed

 the superior court’s award of attorney’s fees because the petition was filed seventeen

 months after the Supreme Court’s decision, which occurred well after the
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Tyson, J., dissenting

 “jurisdictional prerequisite.” Id. at 729, 589 S.E.2d at 739. Hodge does not provide

 any guidance or binding precedent for a trial court retaining jurisdiction over

 attorney’s fees following a jurisdictionally-divesting remand. Id.

¶ 58 The superior court’s award of attorney’s fees is not related to the court’s ability

 to “correct or enforce its judgment.” Id. The superior court divested jurisdiction when

 the 27 April 2020 judicial review remand order was entered. The parties had invoked

 jurisdiction under the NCAPA, and had begun to hold §150B contested case

 proceedings with the OAH. The superior court’s award of attorney’s fees is properly

 vacated. See Alexander v. N.C. State Bd. of Elections, __ N.C. App. __, __, 2022-

 NCCOA-52, ¶ 28, __ S.E.2d __, __ (2022) (Three judge panel was without jurisdiction

 to award attorney’s fees where trial court retained jurisdiction over as applied

 challenges.).

 III. Statutory Authority to Award Fees

¶ 59 The Commission also correctly argues N.C. Gen. Stat. § 6-19.1 does not apply

 to its actions in its statutory gatekeeping role under N.C. Gen. Stat. § 113.121.1

 (2021), or thereafter to this contested case under N.C. Gen. Stat. § 150B.

¶ 60 N.C. Gen. Stat. § 6-19.1(a) expressly exempts attorney’s fees to a petitioner

 contesting an agency decision, “(a) In any civil action . . . brought by a party who is

 contesting State action pursuant to G.S. 150B-43 [Right to Judicial Review] or any

 other appropriate provisions of law.” N.C. Gen. Stat. § 6-19.1(a) (2021).
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Tyson, J., dissenting

¶ 61 When interpreting the parties’ arguments, we must first determine the relative

 applicability of N.C. Gen. Stat. § 150B-33(b) and N.C. Gen. Stat. § 6-19.1. In

 reviewing these statutes, we are guided by several well-established principles and

 precedents of statutory construction.

¶ 62 “The principal goal of statutory construction is to accomplish the legislative

 intent.” Lenox, Inc. v. Tolson, 353 N.C. 659, 664, 548 S.E.2d 513, 517 (2001) (citation

 omitted). “The best indicia of that intent are the language of the statute . . . , the

 spirit of the act and what the act seeks to accomplish.” Coastal Ready-Mix Concrete

 Co. v. Bd. of Comm’rs, 299 N.C. 620, 629, 265 S.E.2d 379, 385 (1980) (citation

 omitted).

¶ 63 “When construing legislative provisions, this Court looks first to the plain

 meaning of the words of the statute itself[.]” State v. Ward, 364 N.C. 157, 160, 694

 S.E.2d 729, 731 (2010). “Interpretations that would create a conflict between two or

 more statutes are to be avoided, and statutes should be reconciled with each other

 whenever possible.” Taylor v. Robinson, 131 N.C. App. 337, 338, 508 S.E.2d 289, 291

 (1998) (citations, internal quotation marks, and ellipses omitted). “[S]tatutes in pari

 materia must be read in context with each other.” Cedar Creek Enters. v. Dep’t of

 Motor Vehicles, 290 N.C. 450, 454, 226 S.E.2d 336, 338 (1976) (citation omitted).

¶ 64 “[W]hen two statutes arguably address the same issue, one in specific terms

 and the other generally, the specific statute controls.” High Rock Lake Partners, LLC
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Tyson, J., dissenting

 v. N.C. Dep’t of Transp., 366 N.C. 315, 322, 735 S.E.2d 300, 305 (2012) (citations

 omitted). Our Supreme Court further held: “when that specific statute is clear and

 unambiguous, we are not permitted to engage in statutory construction in any form.

 [Our Courts] may not construe the statute in pari materia with any other statutes,

 including those that treat the same issue generally.” Id.

¶ 65 Further, “where a literal interpretation of the language of a statute will lead

 to absurd results, or contravene the manifest purpose of the Legislature, as otherwise

 expressed, the reason and purpose of the law shall control.” State v. Beck, 359 N.C.

 611, 614, 614 S.E.2d 274, 277 (2005) (quoting Mazda Motors of Am., Inc. v. Sw.

 Motors, Inc., 296 N.C. 357, 361, 250 S.E.2d 250, 253 (1979)).

¶ 66 In Winkler v. N.C. State Bd. of Plumbing, 374 N.C. 726, 730, 843 S.E.2d 207,

 210 (2020), cited in the majority’s opinion, our Supreme Court interpreted N.C. Gen.

 Stat. § 6-19.1(a) in the context of a superior court awarding attorney’s fees in a

 disciplinary action by a licensing board. The Supreme Court held the “words and

 punctuation used in N.C.G.S. § 6-19.1” are ambiguous. Id.

¶ 67 Our Supreme Court also held the purpose of the amendment in N.C. Gen. Stat.

 § 6-19.1 was to “curb unwarranted, ill-supported suits initiated by State agencies”

 that occur “when a State agency . . . press[es] a claim against [a] party ‘without

 substantial justification.’” Crowell Constructors v. State ex rel. Cobey, 342 N.C. 838,

 844, 467 S.E.2d 675, 679 (1996) (emphasis supplied).
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Tyson, J., dissenting

¶ 68 The State neither “initiate[d]” nor “press[ed]” a claim against the Petitioners

 “without substantial justification” to satisfy the statute. Crowell Constructors, 342

 N.C. at 844, 467 S.E.2d at 679; N.C. Gen. Stat. § 6-19.1(a). Ignoring the more specific

 provisions of N.C. Gen. Stat. § 150B-33(b)(11), any reliance upon N.C. Gen. Stat. § 6-

 19.1 under these facts and procedural history is reversible error.

¶ 69 The NCAPA contains a specific attorney’s fees provision that is applicable to

 agency actions and “contested cases” and pre-empts N.C. Gen. Stat. § 6-19.1(a) in

 this case. Under the NCAPA for an “aggrieved party”:

 an administrative law judge may: Order the assessment of
 reasonable attorneys’ fees and witnesses’ fees against the
 State agency involved in contested cases decided under this
 Article where the administrative law judge finds that the
 State agency named as respondent has substantially
 prejudiced the petitioner’s rights and has acted arbitrarily
 or capriciously or under Chapter 126 where the
 administrative law judge finds discrimination,
 harassment, or orders reinstatement or back pay.

 N.C. Gen. Stat. § 150B-33(b)(11) (2021).

¶ 70 The requirements of N.C. Gen. Stat. § 113A-121.1(b) outline and delineate

 Petitioners’ action to challenge the Commission’s DOT bridge replacement permit:

 A person other than a permit applicant or the
 Secretary who is dissatisfied with a decision to deny or
 grant a minor or major development permit may file a
 petition for a contested case hearing only if the Commission
 determines that a hearing is appropriate. A request for a
 determination of the appropriateness of a contested case
 hearing shall be made in writing and received by the
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Tyson, J., dissenting

 Commission within 20 days after the disputed permit
 decision is made. A determination of the appropriateness
 of a contested case shall be made within 30 days after a
 request for a determination is received and shall be based
 on whether the person seeking to commence a contested
 case:
 (1) Has alleged that the decision is contrary to a
 statute or rule;

 (2) Is directly affected by the decision; and

 (3) Has alleged facts or made legal arguments that
 demonstrate that the request for the hearing is not
 frivolous.

 N.C. Gen. Stat. § 113A-121.1(b)(2021) (emphasis supplied).

¶ 71 All three of these elements are stated in the conjunctive and must be satisfied

 by Petitioner. Id.; see Lithium Corp. of Am. v. Town of Bessemer City, 261 N.C. 532,

 535, 135 S.E.2d 574, 577 (1964) (“Ordinarily, when the conjunctive ‘and’ connects

 words, phrases or clauses of a statutory sentence, they are to be considered jointly.”)

 (citation omitted).

¶ 72 The Commission denied Petitioners’ request for a contested case hearing under

 N.C. Gen. Stat. § 150B, based upon Petitioners’ failure in its one-page petition to

 carry its burden to allege evidence or to assert legal arguments to demonstrate the

 DOT bridge replacement permit violated any “statute or rule.” N.C. Gen. Stat. §

 113A-121.1. The Commission’s threshold gate-keeping standard of review under this
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Tyson, J., dissenting

 statute correctly places the burden on Petitioners to meet all statutory requirements.

 Id.

¶ 73 This “burden on Petitioners” is an even lower standard for a court to uphold

 the Commission than the standard of review under a Rule 12(b) motion, which places

 the burden on the movant and deferentially reviews the non-movant’s pleadings. Id.;

 see Holton v. Holton, 258 N.C. App. 408, 416, 813 S.E.2d 649, 655 (2018) (“The scope

 of our review is ‘whether, as a matter of law, the allegations of the complaint, treated

 as true, are sufficient to state a claim upon which relief may be granted under some

 legal theory.’”) (citation omitted).

¶ 74 Under either this “only if the Commission determines” statutory standard,

 under N.C. Gen. Stat. § 113A-121.1, or under a Rule 12(b) standard, Petitioners are

 not a “prevailing party.” The reviewing court made no decision on the underlying

 merits, if any, of Petitioners’ claims asserted in its de minimis one-page petition,

 other than it was “not frivolous.” See N.C. Gen. Stat. § 113A-121.1(b)(3). Respondent

 correctly argues Petitioners cannot meet the definition of being a “prevailing party”

 since the interlocutory remand order only allowed Petitioner to file a contested case

 and is not a final determination on any merits.

¶ 75 No final determination on the underlying issues or merits of their one-page

 assertions was ever reached because Petitioners settled with DOT, after mediation,

 without the Commission being a party thereto.
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Tyson, J., dissenting

¶ 76 After Petitioners filed their contested case petition in Office of Administrative

 Hearings, the parties mediated. The parties agreed the DOT would request a

 modification of the permit at issue and settled the case. The Commission was not

 present or a party to the mediated settlement agreement. “[T]he mere fact that

 plaintiffs obtained a settlement does not automatically transform them into

 prevailing parties for purposes of an award of attorney’s fees.” House v. Hillhaven,

 Inc., 105 N.C. App. 191, 195, 412 S.E.2d 893, 896 (1992).

¶ 77 The Commission correctly argues its “gatekeeping” and threshold

 determination under the statute was not the end of the case, but was merely the

 beginning, similar to the court’s denial of a Rule 12(b) dismissal motion. The

 Commission also correctly contends the superior court’s order was interlocutory and

 merely sent the case back to begin an administrative contested case proceeding under

 N.C. Gen. Stat. § 150B.

¶ 78 Petitioners cannot claim to be “prevailing parties” because the administrative

 review on a contested case was just beginning at that stage. Upon de novo review,

 the superior court’s conclusion of law that “[t]he petitioners, therefore were the

 prevailing party” is erroneous, prejudicial, and is properly vacated.

¶ 79 Contrary to the majority’s notion, our Supreme Court’s interpretation and

 holding in Winkler is neither applicable nor controlling to the facts or procedural

 history sub judice. In Winkler, the Court recognized “a disciplinary action does not
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Tyson, J., dissenting

 become a civil action until either party petitions for judicial review of the decision of

 the board or commission, and the matter becomes a contested case before a judge.”

 Winkler, 374 N.C. at 733, 443 S.E.2d at 212.

¶ 80 The Supreme Court merely held the General Assembly had shown no intent to

 prohibit a superior court from awarding attorney’s fees in a disciplinary action by a

 licensing board. Id. at 734, 843 S.E.2d at 213. Despite this dicta, the Court’s final

 holding in Winkler was to deny the award of attorney’s fees. Id. at 736, 843 S.E.2d at

 214. Nothing in the facts nor procedural history of this case remotely resembles the

 facts or procedural posture that was present in Winkler.

 IV. Presuming Statutory Authority to Award

¶ 81 Even if the trial court could have considered the Petitioners’ motion for

 attorney’s fees at this point under any statutory authority or legal theory, Petitioners’

 motion should be remanded for the eight findings under Rule 1.5 regarding fees under

 the State Bar’s statutory authority stated in N.C. Gen. Stat. § 84-23 (2021):

 (a) A lawyer shall not make an agreement for, charge, or
 collect an illegal or clearly excessive fee or charge or collect
 a clearly excessive amount for expenses. The factors to be
 considered in determining whether a fee is clearly
 excessive include the following:

 (1) the time and labor required, the novelty and
 difficulty of the questions involved, and the skill
 requisite to perform the legal service properly;

 (2) the likelihood, if apparent to the client, that the
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Tyson, J., dissenting

 acceptance of the particular employment will
 preclude other employment by the lawyer;

 (3) the fee customarily charged in the locality for
 similar legal services;

 (4) the amount involved and the results obtained;

 (5) the time limitations imposed by the client or by the
 circumstances;

 (6) the nature and length of the professional
 relationship with the client;

 (7) the experience, reputation, and ability of the lawyer
 or lawyers performing the services; and

 (8) whether the fee is fixed or contingent.

 27 N.C. Admin. Code 2.1.05 (Supp. 2021). These eight factors must be satisfied by

 the claimant and found conjunctively. See Lithium Corp. of Am., 261 N.C. at 535, 135

 S.E.2d at 577.

¶ 82 In 2007, the State Bar issued Formal Ethics Opinion 13 under Rule 1.5 and

 ruled an attorney must: (1) “establish a reasonable hourly rate for his services and

 for the services of his staff” to insure honest billing predicated on hourly charges; (2)

 “disclose the basis for the amounts charged[;]” (3) “avoid wasteful, unnecessary, or

 redundant procedures[;]” and (4) “ensure the total cost to the client is not clearly

 excessive.” 2007 Formal Ethics Opinion 13 (emphasis supplied).
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Tyson, J., dissenting

¶ 83 A superior court must make findings addressing the reasonableness of the

 requested fees prior to awarding attorney’s fees. Early v. County of Durham, Dep’t of

 Soc. Servs., 193 N.C. App. 334, 347, 667 S.E.2d 512, 522–23 (2008). This Court

 exercises authority to review the record de novo to assess whether competent evidence

 supports the trial court’s findings and whether its finding support the de novo review

 of its application and conclusions of laws. Pharr v. Atlanta & C. Air Line Ry. Co., 132

 N.C. 418, 423, 44 S.E. 37, 38 (1903).

¶ 84 Returning to Winkler, the Supreme Court “adopted a middle-ground objective

 standard to require the agency to demonstrate that its position, at and from the time

 of its initial action, was rational and legitimate to such degree that a reasonable

 person could find it satisfactory or justifiable in light of the circumstances then

 known to the agency.” Winkler, 374 N.C. at 735, 843 S.E.2d at 213.

¶ 85 The Supreme Court concluded: “Despite failing to prevail on the merits of its

 claim, the Board was substantially justified in contending that Winkler engaged in

 the type of conduct the Board was authorized to discipline.” Id. The Supreme Court

 held, “the trial court erred in awarding Winkler attorney’s fees, pursuant to N.C.G.S.

 § 6-19.1, because there was substantial justification for the Board’s claims.” Id.

¶ 86 The Commission clearly explained its threshold denial of Petitioners’ request

 for a contested case administrative review under N.C. Gen. Stat. § 150B in a lengthy,
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Tyson, J., dissenting

 written agency decision. The Commission thoroughly analyzed each conceivable

 ground Petitioners had asserted in their one-page request for administrative review.

¶ 87 The Commission repeatedly determined that it would be “frivolous to hold a

 contested case hearing in OAH” under N.C. Gen. Stat. § 150B with respect to those

 claims because no administrative jurisdiction existed under N.C. Gen. Stat. § 113A-

 121.1(b) and Petitioners had failed to carry their burden and demonstrate a threshold

 showing of any basis to prevail on the claims. Although the superior court rejected

 that reasoning, the Commission’s bases as stated on their face, as in Winkler, are

 ones which a “reasonable person could find” satisfactory or justifiable. Id. at 736, 843

 S.E.2d at 214.

¶ 88 Presuming N.C. Gen. Stat. § 6-19.1(a) has applicability to these facts and

 procedural posture, the reviewing court cannot enter any award of fees until:

 (1) The court finds that the agency acted without
 substantial justification in pressing its claim against the
 party; and

 (2) The court finds that there are no special circumstances
 that would make the award of attorney’s fees unjust. The
 party shall petition for the attorney’s fees within 30 days
 following final disposition of the case. The petition shall be
 supported by an affidavit setting forth the basis for the
 request.

 Id. (emphasis supplied).
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Tyson, J., dissenting

¶ 89 Petitioners’ motion for attorney’s fees asserts reimbursement and payment for

 194.3 hours, all billed at one rate of $475.00 per hour, and seeks over $90,000 in

 taxpayer funds. The motion contains no delineation of partners, associates, or

 paralegal hours spent or rates billed, only one set hourly rate. See 27 N.C. Admin.

 Code 2.1.05; 2007 Formal Ethics Opinion 13.

¶ 90 The Commission also asserts it is unjust to award fees for work performed

 when the invoices do not support the claim and Petitioners fail to differentiate

 between the hours their attorney spent pursuing an injunction against DOT and

 those spent working on the petition for judicial review of the Commission’s permit.

¶ 91 The superior court’s finding of fact 11 confirms the Commission’s arguments

 as follows:

 11. Beginning on June 1, 2019 and continuing through
 April 30, 2020, attorney Wright and his staff provided to
 the petitioners 194.2 hours of valuable legal services in
 connection with the judicial review and injunctive relief
 proceedings before the court. Using a fair and reasonable
 hourly rate of $475.00, the appropriate reasonable
 attorney’s fee recoverable by petitioners for these legal
 services totals $92,245.00. The petitioners also incurred
 during that time reasonable costs of $2,248.36. The court
 incorporates the affidavit of attorney Wright and the
 detailed invoices generated by him that described his legal
 work. These invoices were sent to his clients who have paid
 $53,000.00 of the billed total. The court finds that these
 invoices provide adequate and reasonable documentation
 of the time expended in the representation of the
 petitioners. (emphasis supplied).
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Tyson, J., dissenting

¶ 92 The superior court’s conclusion of law number 4 states, in part, that “[t]he

 [Commission’s] conclusion that the claims and allegations of CAMA permitting

 violations raised by the petitioners were frivolous and groundless was not supported

 by the record.” Conclusion of law number 8 states, in part, that “[t]he petitioners are

 to be awarded $89,444.36 in attorney’s fees and costs.” These conclusions of law are

 erroneous, prejudicial, and are properly vacated or reversed.

 V. Conclusion

¶ 93 The superior court, as a reviewing appellate court, remanded jurisdiction for

 Petitioners to file a petition for a contested case under the NCAPA. That court’s

 jurisdiction ended, and no authority remained for it to consider Petitioners’ pre-

 emptory motion for attorney’s fees. Neither Petitioners’ petition for judicial review,

 nor the settlement agreement with DOT, nor the dismissal of the contested case

 before the OAH preserved Petitioners’ right to seek attorney’s fees. Petitioners also

 failed to file any motion for attorney’s fees before the Commission under N.C. Gen.

 Stat. § 113A or before the OAH pursuant to N.C. Gen. Stat. § 150B-33(b)(11).

¶ 94 As the Supreme Court held in Winkler, under de novo review, the Commission,

 “[d]espite failing to prevail on the merits of its claim, . . . was substantially justified

 in” concluding Petitioners’ one-page petition failed to carry its burden and to comply

 with N.C. Gen. Stat. § 113A-121.1(b). “[T]he trial court erred in awarding

 [Petitioners’] attorney’s fees, pursuant to N.C.G.S. § 6-19.1, because there was
 BATSON V. COASTAL RES. COMM’N

 2022-NCCOA-122

 Tyson, J., dissenting

 substantial justification for the [Commission’s reasoned decision].” Winkler, 374 N.C.

 at 736, 843 S.E.2d at 214; see Crowell Constructors, 342 N.C. at 844, 467 S.E.2d at

 679 (N.C. Gen. Stat. § 6-19.1 was intended to “curb unwarranted, ill-supported suits

 initiated by State agencies” that occur “when a State agency . . . press[es] a claim

 against [a] party ‘without substantial justification.’”) (emphasis supplied).

¶ 95 The superior court’s order is properly vacated and remanded for dismissal of

 Petitioners’ motion for attorney’s fees under any and all of the grounds shown above.

 I respectfully dissent.