PHARR v. ATLANTA & CHARLOTTE AIR LINE RAILWAY CO.

(Filed April 28, 1903.)

1. NEGLIGENCE—*Contributory Negligence—Issues—Questions for Jury.*

In an action for personal injuries, evidence being offered by the defendant to show contributory negligence and no evidence being offered by the plaintiff on that issue, such question is for the jury.

2. CONTRIBUTORY NEGLIGENCE—*Negligence—Evidence—Sufficiency of Evidence.*

In this action for personal injuries, the evidence is sufficient to justify the finding by the jury that the defendant is guilty of negligence and the plaintiff not guilty of contributory negligence.

3. NEW TRIAL—*Verdict—Setting Aside Verdict—Jury—Presumptions—Findings of Court.*

A refusal of a trial judge to set aside a verdict for the reason that a juror was alleged to have been asleep during the trial, will not be reviewed where the trial judge does not find the facts and it will be presumed that the refusal was warranted by the facts.

ACTION by H. N. Pharr, administrator, against the Atlanta & Charlotte Air Line Railway Company, heard by Judge *Thomas J. Shaw* and a jury, at January Term, 1903, of the Superior Court of MECKLENBURG County. From a judgment for the plaintiff, the defendant appealed.

*Jones & Tillett,* for the plaintiff.
*George F. Bason,* for the defendant.

WALKER, J. The plaintiff's intestate was a brakeman in the employment of the defendant's lessee, the Southern Rail-

way Company, at the time he is alleged to have been killed by the negligence of the latter.· A freight train on its way from Spencer to Charlotte had reached a point on the line of the lessee's railway, called "The Junction," and it was the duty of the intestate at that place to uncouple the train between cars 20 and 21 for the purpose of having the cars of the rear section transferred to another track. In order to do so, it was necessary for the engineer to move the train back and slack on the pin so that it could be removed, and the intestate gave a signal to the engineer to come back, which he did, and the pin was removed with the lever. The intestate signaled the engineer to go forward, and then stepped between the cars "to put the air" on the rear section, which had started down the grade, and just as he "reached over the draw-bar" for this purpose, he was caught between the cars and thrown under the wheels of car 20 and killed.

The principal exception in the case relates to the charge of the court upon the second issue, there being no exception to the charge upon the first issue. The disputed question arising between the parties on the second issue was, whether, at the time the intestate went between the cars to apply the brakes to the rear section, the rear car of the first section was standing still or moving, it being conceded that if it was not moving at the time, the intestate was not guilty of negligence in going between the cars to apply the brakes and stop the rear section which was then moving down the grade in a northerly direction.

In the consideration of this question, it must be remembered that contributory negligence is an affirmative defense, expressly made so by statute, and consequently the burden is always on the defendant to establish it. It follows that if there is any evidence introduced by the defendant to sustain the plea, the jury must pass upon the credibility of the witnesses and the weight of the testimony, and this is true

even though the defendant introduced proof tending to show contributory negligence and the plaintiff offered no proof at all upon the issue. The law does not presume the existence of negligence or contributory negligence, and requires the party with whom is the affirmative of the issue to prove it by the greater weight of the evidence. In this case, therefore, if the defendant's evidence tended to show that the first section of the train was moving when the intestate went between the cars to apply the brakes, it was for the jury to pass upon this evidence and to accept or reject it. The jury were not bound to believe the witnesses of the defendant or required to find that there was contributory negligence until the defendant by the proof in the case had satisfied them that it did exist, and the plaintiff was not called upon to prove the negative of that issue. The laboring oar was with the defendant.

The witness Russell was asked whether the front section of the train stopped, and replied that he did not know and could not say whether it did or not. In *Edwards v. Railroad,* 129 N. C., 78, this court ruled that the testimony of a witness that he did not hear the bell or whistle of an engine as it approached a crossing, he being in hearing distance, was proper evidence to be submitted to the jury upon the question whether the bell was rung or the whistle sounded, and was sufficient to establish a verdict in favor of the plaintiff, as it tended to establish the fact in issue in his favor. The testimony of the witness in that case was not essentially different from that of the witness Russell in this case. The latter was standing within a few feet of the train assisting the intestate and in full view of the cars, and testified that the rear section had moved back and down the grade, but that he did not know whether the front section moved or not. He had as good opportunity to know whether the front section was moving or not, when the intestate was between the cars, as he had with regard to the rear section, and the jury could well

infer from this evidence either that the front section was not moving at the time or that the motion was so imperceptible as not to be observed by Russell and the intestate.

Without commenting upon the evidence in detail, we think that the separation of the cars at that part of the train where they were uncoupled and the distance between the cars 20 and 21, when the intestate stepped between them "to put the air on" and the testimony of the engineer that the brakes were stuck ten or twelve cars from the engine, there being 30 or 40 cars in the train, and that he had to go forward to take up the slack in order to come back again and move the cars so as to loosen the pin, was at least some evidence upon which it might reasonably be argued and from which the jury might fairly conclude that the rear car of the front section was standing still at the time the intestate went between the cars.

The question whether the front section of the train had stopped was submitted to the jury in the charge upon the first issue, to which no exception was taken, and the jury by answering the first issue "Yes" necessarily found that the front section was not moving at the time the intestate stepped between the cars. An affirmative answer to the first issue would, therefore, necessarily call for a negative answer to the second.

The engineer knew that he was required to stop at the switch for the purpose of cutting off the rear section of his train so that it could be transferred to the side track, for the intestate, he says, had told him so at Newell's, and there was evidence tending to show that, after the pin had been drawn and the cars uncoupled, the intestate signaled him to go forward and instead of doing so he moved the front section of the train backward. Two inferences might have been made by the jury from this evidence; first, that the engineer knowing full well what was to be done did not move back

any further than was necessary to loosen the pin or "ease upon it" and then stopped, as he should have done; and, second, that the intestate, who had given him the signal to go forward, had the right to suppose that he would do so, and was not required to anticipate his negligence in disregarding the signal, if he saw it, or to presume that he did not see it; and this being so, the intestate might well have thought, as a prudent man, that he could go between the cars with perfect safety.

The question upon the second issue was not whether there was any evidence that the rear car of the front section had stopped, but whether there was any evidence that it was moving at the time the intestate attempted to set the brakes on the rear section, and unless the evidence was sufficient to satisfy the jury that the car was moving, the defendant failed of course to sustain its contention and was not entitled to a favorable finding upon that issue without reference to the question whether the plaintiff offered any evidence to show that it had stopped. This is clear upon reason and authority.

Upon a careful review of the case, we are of the opinion that the state of the evidence was such as to fully justify the charge of the court and the finding of the jury upon the second issue. The objection of the defendant can not be sustained even if it had been made before verdict. *Sutton v. Walters,* 118 N. C., 495; *Holden v. Strickland,* 116 N. C., 185.

We see no merit in the defendant's motion to set aside the verdict because the juror, Brown, was asleep during the trial. The evidence whether the juror was asleep was conflicting, and when the court denied the motion it must be presumed that the facts were found in accordance with the affidavit of the juror that he was not asleep, or, at least, that the facts were so found as to warrant the decision of the court. *State v. Taylor,* 118 N. C., 1262; *Albertson v. Terry,* 108 N. C.,

PHARR *v.* RAILWAY CO.

75. This court cannot pass upon the affidavits, but in order to entitle the moving party to a review here of the ruling below, the facts must be found and spread upon the record, and the court must always find the facts when requested to do so. *Smith v. Whitten,* 117 N. C., 389; *Albertson v. Terry,* 108 N. C., 75. It is well settled that this court cannot find facts or review them, as a general rule, but can only pass upon "matters of law or legal inference." *Love v. Moody,* 68 N. C., 200; *State v. Best,* 111 N. C., 643. Motions of this sort must be made in apt time. The knowledge of the alleged fact, upon which the defendant bases its motion, was acquired during the trial and before a verdict was rendered, and the matter should, at the earliest opportunity, have been brought to the attention of the court. It has been said by this court that, after a defendant has taken chances for a favorable verdict, the purposes of justice are not subserved by listening too readily to objections not taken in apt time. *State v. Perkins,* 66 N. C., 128; *Spicer v. Fulghum,* 67 N. C., 18.

There was a way in which the defendant could have the juror aroused, if he was asleep, without serious, if any, prejudice to its interest, and a proper reminder or warning from the court would probably have been sufficient to keep him awake until the end of the trial. The motion, under the circumstances of this case, was within the sound discretion of the court, and we do not see that it was improperly exercised. *State v. Miller,* 18 N. C., 500; *State v. Fuller,* 114 N. C., 885.

We have been unable to discover any error in the rulings of the court below.

*Per Curiam.*    Judgment Affirmed.