NORTH CAROLINA DEPARTMENT OF TRANSPORTATION v. RONALD E. DAVENPORT

No. 9110SC942

(Filed 1 December 1992)

**1. Appeal and Error § 112 (NCI4th)— alleged governmental immunity—refusal to dismiss—immediate appeal**

The trial court's refusal to dismiss a contempt proceeding against a state agency on the ground of governmental immunity was immediately appealable.

**Am Jur 2d, Appeal and Error § 168; Courts § 152.**

N.C. DEPT. OF TRANSPORTATION v. DAVENPORT

[108 N.C. App. 178 (1992)]

**2. Courts § 60 (NCI4th) — State employee — failure to reinstate — contempt — no jurisdiction in superior court**

The superior court did not have subject matter jurisdiction of a motion to hold the Department of Transportation in contempt on the ground that it failed to comply with an order to reinstate respondent employee when it gave him another job title and moved him to a different location since the court must make findings of fact to support its judgment in a contempt proceeding and the superior court was sitting as an appellate court in this action and could not hear matters requiring factual findings.

**Am Jur 2d, Courts §§ 87 et seq.**

Judge WELLS dissenting.

Appeal by Department of Transportation from an order denying a motion to dismiss contempt proceedings entered 7 June 1991 by Judge Robert Farmer in Wake County Superior Court. Heard in the Court of Appeals 12 October 1992.

Originally this case arose from the dismissal of appellee, Ronald Davenport, from employment with appellant, the Department of Transportation (D.O.T.). Ronald Davenport was employed with D.O.T. from 5 August 1967 to 27 March 1987 at which time he was suspended. Davenport was finally dismissed on 3 September 1987. Davenport petitioned the Office of Administrative Hearings for a hearing pursuant to N.C. Gen. Stat. § 150B-23 (Supp. 1990). The administrative law judge concluded that Davenport had been dismissed without just cause and recommended reinstatement with back pay.

The State Personnel Commission adopted the administrative law judge's recommendation that Davenport be reinstated but rejected the conclusion that he was entitled to back pay. D.O.T. then petitioned the superior court for review of the Personnel Commission's decision. The superior court affirmed the reinstatement but modified the Commission's decision to include the award of back pay. This decision was appealed to the Court of Appeals where it was affirmed. *North Carolina Dep't of Transp. v. Davenport*, 102 N.C. App. 476, 402 S.E.2d 477 (1991).

Prior to his dismissal, Davenport held the title "District Engineer" in the Lenoir County District Office and his pay grade

was 77. When he returned to D.O.T., his new title was "Division Operations Engineer" in Wilson, North Carolina at pay grade 77. Davenport states that his new position requires him to commute approximately two hours each day, whereas his previous position required only a ten to fifteen minute commute.

Davenport filed a Motion For Show Cause Contempt in the superior court under the original action claiming that D.O.T. had not complied with the superior court's order to reinstate him since he was given another job title and was moved to a different location. In response, D.O.T. claimed sovereign immunity and filed a Motion to Dismiss Contempt Proceeding and for Summary Judgment on that ground. Judge Farmer denied the motion. D.O.T. appeals the denial of the Motion to Dismiss.

Simultaneously with this appeal, D.O.T. filed a Petition for Writ of Certiorari which is allowed in order for this Court to consider whether the superior court has subject matter jurisdiction to hear the contempt proceedings.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Patsy Smith Morgan, for appellant.*

*Crisp, Davis, Schwentker, Page, Currin & Nichols, by M. Jackson Nichols and Lynn Fontana, for appellee.*

ARNOLD, Judge.

[1] Initially it may be noted that this is a proper appeal even though it was taken from an interlocutory order. D.O.T. moved to dismiss on the ground of governmental immunity, and we have previously held that "an immediate appeal lies under N.C. Gen. Stat. § 1-277(b) for the court's refusal to dismiss a suit against the state on the grounds of governmental immunity." *Stahl-Rider, Inc. v. State,* 48 N.C. App. 380, 383, 269 S.E.2d 217, 219 (1980), (citing *Sides v. Cabarrus Memorial Hosp.,* 22 N.C. App. 117, 205 S.E.2d 784 (1974), *modified on other grounds,* 287 N.C. 14, 213 S.E.2d 297 (1975) ).

[2] D.O.T.'s appeal and first two assignments of error are founded upon sovereign immunity. However we need not address those issues since our decision is based solely upon D.O.T.'s third assignment of error, that the superior court did not have subject matter jurisdiction to hear the contempt proceeding. We agree and reverse the superior court's denial of D.O.T.'s motion to dismiss.

N.C. DEPT. OF TRANSPORTATION v. DAVENPORT

[108 N.C. App. 178 (1992)]

In appeals from administrative decisions, the superior court sits as an appellate court, and its decision is based solely upon the record from the prior proceedings. *Batch v. Town of Chapel Hill*, 326 N.C. 1, 11, 387 S.E.2d 655, 662, *cert. denied*, 496 U.S. 931 (1990). The superior court judge may not make findings of fact. *Id.*

This appeal comes from a contempt proceeding. It is uniformly held that in contempt proceedings the court must make findings of fact to support the judgment. *Smith v. Smith*, 247 N.C. 223, 225, 100 S.E.2d 370, 372 (1957). Since the superior court was sitting as an appellate court in this matter, and therefore could not hear matters requiring factual findings, it was without jurisdiction to find D.O.T. in contempt. *See Quick v. Quick*, 305 N.C. 446, 461, 290 S.E.2d 653, 663 (1982). Therefore, the superior court erred when it denied D.O.T.'s Motion to Dismiss.

We are aware that the superior court did designate part of its order modifying the Personnel Commission's order as findings of fact. In that instance however, the superior court judge was only setting out his reasons for modifying the Commission's decision, denominating them as findings of fact, and he therefore did not exceed the bounds of appropriate judicial review. *Star Automobile Co. v. Saab-Scania of America Inc.*, 84 N.C. App. 531, 535, 353 S.E.2d 260, 263 (1987).

For the reasons stated above, the decision of the superior court should be reversed.

Reversed.

Chief Judge HEDRICK concurs.

Judge WELLS dissents.

Judge WELLS dissenting.

The majority opinion misperceives the nature of the case before us. When Judge Farmer denied the DOT's motion to dismiss, he was not acting in an appellate review context. He was acting in response to Mr. Davenport's motion to require the DOT to do what it had been ordered to do in Judge Weeks' judgment, which was affirmed in all respects by this Court. Our opinion made it abundantly clear that the DOT should award Mr. Davenport his

back pay, and since DOT did not appeal the Commission's order of reinstatement, that mandate is binding on the DOT.

This litigation has been going on for five years, having begun in the fall of 1987. The ALJ's decision to award back pay and reinstatement was entered in March of 1989 and affirmed by Judge Weeks in May of 1990. "Subject matter" is a straw man, simply being used as another delaying tactic by the DOT. Mr. Davenport has been denied justice for far too long, and I vote to affirm Judge Farmer's order.