IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-122

No. COA21-110

Filed 1 March 2022

Carteret County, Nos. 19 CVS 797–99

HOLLIS L. BATSON and CAROL D. BATSON, LAWRENCE F. BALDWIN and
ELIZABETH C. BALDWIN, BALDWIN-BATSON OWNERS' ASSOCIATION, INC.,
Petitioners.

v.

COASTAL RESOURCES COMMISSION and NORTH CAROLINA DEPARTMENT
OF TRANSPORTATION, Respondents.

Appeal by respondent from order entered 23 September 2020 by Judge Charles

H. Henry in Carteret County Superior Court. Heard in the Court of Appeals 17

November 2021.

*Davis Hartman Wright PLLC, by I. Clark Wright, Jr., for petitioners-appellees.*

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Mary L.
Lucasse, for respondent-appellant Coastal Resources Commission.*

DIETZ, Judge.

¶ 1        This appeal concerns the Coastal Resources Commission's conduct in a permit

challenge to the Harkers Island Bridge replacement. By statute, the Commission

must screen requests from third parties seeking to challenge this sort of permitting

decision and deny requests that the Commission determines to be frivolous.

¶ 2        The Commission denied Petitioners' request for a regulatory challenge as

frivolous, and Petitioners sought judicial review in the trial court. The court rejected the Commission's reasoning and remanded for an administrative proceeding. The court later awarded attorneys' fees against the Commission, and the Commission appealed that award.

¶ 3        As explained below, we hold that the trial court had the authority to award attorneys' fees for this type of agency decision. But we remand the case for additional findings with respect to whether the Commission acted without substantial justification. On remand, the trial court may make additional findings on the existing record or conduct any further proceedings the court deems necessary in the interests of justice.

**Facts and Procedural History**

¶ 4        In 2019, the North Carolina Division of Coastal Management issued a permit to the North Carolina Department of Transportation for construction of a new bridge to replace the aging bridges connecting Harkers Island to the mainland of our State.

¶ 5        Petitioners are nearby landowners who believed there were issues with DOT's permit. By law, third parties impacted by this type of permitting decision may challenge the regulatory decision through a contested case proceeding. But the General Statutes also impose a gatekeeping role on the Coastal Resources Commission. Under N.C. Gen. Stat. § 113A-121.1, a third party "who is dissatisfied with a decision to deny or grant a minor or major development permit may file a

petition for a contested case hearing only if the Commission determines that a hearing is appropriate." N.C. Gen. Stat. § 113A-121.1(b). The Commission's determination "shall be based on whether the person seeking to commence a contested case: (1) Has alleged that the decision is contrary to a statute or rule; (2) Is directly affected by the decision; and (3) Has alleged facts or made legal arguments that demonstrate that the request for the hearing is not frivolous." *Id.*

¶ 6    Petitioners submitted a one-page request for authorization to pursue a contested case challenging the permit, and the Commission denied the request. The Commission concluded that Petitioners failed to demonstrate "that the Request for a hearing is not frivolous."

¶ 7    Section 113A-121.1 permits judicial review of the Commission's decision and Petitioners promptly sought judicial review in the trial court. After a hearing, the trial court rejected the Commission's determination and remanded the matter to the Office of Administrative Hearings for a contested case proceeding. Relevant to this appeal, the trial court found that the Commission's repeated determinations that Petitioners' claims were frivolous "are not supported by the record, or the plain meaning of the words 'not frivolous' as used in N.C.G.S. §113A-121.1(b)(3)." The Commission did not appeal the trial court's order.

¶ 8    Petitioners later requested an award of attorneys' fees and costs against the Commission under N.C. Gen. Stat. § 6-19.1. The trial court granted the request in a

written order with findings of fact and conclusions of law and awarded $89,444.36 in attorneys' fees to Petitioners. The Commission timely appealed.

## Analysis

### I. Trial court authority to award fees under N.C. Gen. Stat. § 6-19.1

¶ 9   The Commission first challenges the authority of the trial court to award attorneys' fees under N.C. Gen. Stat. § 6-19.1. The Commission contends that the statute does not apply to its actions in its statutory gatekeeping role under N.C. Gen. Stat. § 113A-121.1.

¶ 10   A trial court may award attorneys' fees only as authorized by statute. *City of Charlotte v. McNeely*, 281 N.C. 684, 691, 190 S.E.2d 179, 185 (1972). This Court reviews whether particular statutory language authorizes an award of attorneys' fees *de novo. Applewood Props., LLC v. New S. Props., LLC*, 366 N.C. 518, 522, 742 S.E.2d 776, 779 (2013).

¶ 11   This case is governed by Section 6-19.1(a) of our General Statutes, which permits an award of attorneys' fees against a State agency by a prevailing party who is contesting state action and demonstrates that the agency acted without substantial justification in pressing its claim:

> § 6-19.1. Attorney's fees to parties appealing or defending against agency decision.
>
> (a) In any civil action, other than an adjudication for the purpose of establishing or fixing a rate, or a disciplinary

action by a licensing board, brought by the State or brought by a party who is contesting State action pursuant to G.S. 150B-43 or any other appropriate provisions of law, unless the prevailing party is the State, the court may, in its discretion, allow the prevailing party to recover reasonable attorney's fees, including attorney's fees applicable to the administrative review portion of the case, in contested cases arising under Article 3 of Chapter 150B, to be taxed as court costs against the appropriate agency if:

(1) The court finds that the agency acted without substantial justification in pressing its claim against the party; and

(2) The court finds that there are no special circumstances that would make the award of attorney's fees unjust.

N.C. Gen. Stat. § 6-19.1(a).

¶ 12 Our Supreme Court has held that the purpose of this statute mirrors the federal Equal Access to Justice Act, with which it shares "similar language." *Crowell Constructors v. State ex rel. Cobey*, 342 N.C. 838, 843, 467 S.E.2d 675, 679 (1996). That purpose is to ensure private parties effectively can participate in the court process when facing the government—whose resources substantially outweigh ordinary citizens—by permitting recovery of litigation expenses when the government acts unreasonably. *See, e.g.*, *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 138 (4th Cir. 1993).

¶ 13 The Commission presents several reasons why it believes its action in this case cannot meet the statutory criteria of Section 6-19.1(a). First, the Commission argues

that its "gate-keeper decision is not a civil action nor is an appeal of the Commission's gate-keeper decision." But it is now well-settled that a petition for judicial review is "a civil action." *Winkler v. N.C. State Bd. of Plumbing*, 374 N.C. 726, 733, 843 S.E.2d 207, 212 (2020). So, for example, when a State agency denied an administrative request for rulemaking and the applicant later petitioned for judicial review and secured an order commanding the agency to commence the rulemaking, we held that the judicial review proceeding was a civil action. *Table Rock Chapter of Trout Unlimited v. Envtl. Mgmt. Comm'n*, 191 N.C. App. 362, 363–64, 663 S.E.2d 333, 335 (2008). Similarly here, Petitioners sought permission to begin an administrative proceeding, but the Commission declined to grant that permission. The applicable statute expressly provides that the Commission's "determination that a person may not commence a contested case is a final agency decision and is subject to judicial review under Article 4 of Chapter 150B of the General Statutes." N.C. Gen. Stat. § 113A-121.1(b). That judicial review proceeding, under settled law, is a civil action. *Winkler*, 374 N.C. at 733, 843 S.E.2d at 212; *Table Rock*, 191 N.C. App. at 363–64, 663 S.E.2d at 335.

¶ 14 Moreover, as our Supreme Court observed in *Winkler*, the General Assembly excluded certain agency decisions subject to judicial review from the scope of Section 6-19.1. 374 N.C. at 733, 843 S.E.2d at 212. Had our legislature intended to insulate the Commission's gatekeeper decisions from the statute as well, "the legislature could

have explicitly excepted" the Commission's decisions as it did those other agency decisions. *Id.* Accordingly, we hold that a judicial review proceeding challenging the Commission's gatekeeper decision under N.C. Gen. Stat. § 113A-121.1 is a civil action contesting State action that falls within the language of N.C. Gen. Stat. § 6-19.1.

¶ 15     Our dissenting colleague raises his own issues with the trial court's order, none of which are advanced by the Commission, and for good reason. First, the dissent argues that the trial court lacked subject matter jurisdiction over this fee petition because "Petitioners did not submit a request for attorney's fees initially to the Commission, in their petition for judicial review, or to the OAH at any time."

¶ 16     This argument ignores both the language of the statute and settled case law. Petitioners were not required to assert their fee request before the Commission or in their initial petition for judicial review to confer subject matter jurisdiction on the trial court. Section 6-19.1 provides that the "party shall petition for the attorney's fees within 30 days following final disposition of the case." N.C. Gen. Stat. § 6-19.1. Filing the petition within 30 days of final disposition is the "jurisdictional prerequisite to the award of attorney's fees." *Daily Express, Inc. v. Beatty*, 202 N.C. App. 441, 446, 688 S.E.2d 791, 796 (2010).

¶ 17     This "final disposition" occurs "*after* the decision has become final and it is too late to appeal." *Whiteco Indus., Inc. v. Harrelson*, 111 N.C. App. 815, 818, 434 S.E.2d 229, 232 (1993) (emphasis in original). Thus, to confer jurisdiction over a fee request

under Section 6-19.1, a petitioner must file the petition within 30 days after the expiration of any time to appeal the trial court's order. *Daily Express*, 202 N.C. App. at 446, 688 S.E.2d at 796. Here, as Petitioners explained in their petition, the trial court entered its order rejecting the Commission's final agency decision on 27 April 2020. The time for the Commission to appeal expired 30 days after entry of that order. Petitioners filed their petition for attorneys' fees on 17 June 2020. That petition was timely filed within 30 days after the expiration of the time to appeal the trial court's order and thus within 30 days after "final disposition" of the matter. *Id.*

¶ 18      Our dissenting colleague next asserts that the trial court, in a judicial review proceeding, sits as "an appellate court" and thus the superior court "could not find the requisite facts to award the attorney's fees." This is wrong. Our appellate courts repeatedly have held that trial courts, sitting in their "appellate" role in judicial review proceedings, have the authority to later award attorneys' fees under Section 6-19.1 and to make the corresponding fact findings necessary to support that award. *See, e.g.*, *Winkler*, 374 N.C. at 733–35, 843 S.E.2d at 212–13.

¶ 19      Our dissenting colleague also contends that the "superior court divested jurisdiction when the 27 April 2020 judicial review remand order was entered." Again, this is wrong. As discussed above, Section 6-19.1's "plain language requires a prevailing party seeking recovery of attorney's fees to 'petition' for them." *Hodge v. N.C. Dep't of Transp.*, 161 N.C. App. 726, 729, 589 S.E.2d 737, 739 (2003). The petition

must be filed within 30 days after final disposition of the matter. *Id.* The reason why this attorneys' fees request must be made in the form of a petition is that, in most cases, once there is a final disposition and the time to appeal is exhausted, the trial court will no longer have jurisdiction over the underlying case. The use of a *petition* for attorneys' fees within the 30-day window acts as a "jurisdictional prerequisite" that confers subject matter jurisdiction on the trial court to address the request for attorneys' fees, notwithstanding that the court no longer has jurisdiction over the matter that gave rise to the fee request. *Id.*

¶ 20 Our dissenting colleague also argues that a provision in Chapter 150B authorizing administrative law judges to award attorneys' fees in contested case proceedings preempts N.C. Gen. Stat. § 6-19.1 in this case. Again, this is not an argument advanced by the Commission because this argument is precluded by controlling case law that repeatedly has interpreted Section 6-19.1 to permit an award of attorneys' fees in matters that stem from administrative proceedings under Chapter 150B. *See, e.g.*, *Kelly v. N.C. Dep't of Env't & Nat. Res.*, 192 N.C. App. 129, 142, 664 S.E.2d 625, 634 (2008).

¶ 21 Our colleague's argument also is flatly inconsistent with the text of N.C. Gen. Stat. § 6-19.1, which states that "the court may, in its discretion, allow the prevailing party to recover reasonable attorney's fees, including attorney's fees applicable to the administrative review portion of the case, in contested cases arising under Article 3

of Chapter 150B, to be taxed as court costs against the appropriate agency . . . ." N.C. Gen. Stat. § 6-19.1(a). This portion of the statute was added in a bill whose title explains that it is an act "to authorize the courts to award reasonable attorney's fees for administrative hearings." 2000 N.C. Sess. Laws 190. Thus, there is no principled basis to assert that the attorneys' fees provision in Chapter 150B, even if it applied in this case, is a bar to an award under Section 6-19.1.

¶ 22    We must add "even if it applied in this case" here because, of course, Petitioners are not seeking attorneys' fees for any portion of the Chapter 150B contested case proceeding challenging the State's permitting decision. The General Assembly chose to confer on the Coastal Resources Commission the power to act as a gatekeeper and prevent parties from initiating contested case challenges to certain permitting decisions. N.C. Gen. Stat. § 113A-121.1. But the General Assembly also chose to make the Commission's ruling a "final agency decision" and give the courts the power to review that decision: "A determination that a person may not commence a contested case is a final agency decision and is subject to judicial review under Article 4 of Chapter 150B of the General Statutes." *Id.* § 113A-121.1(b).

¶ 23    Thus, in this case, Petitioners challenged a final agency decision, prevailed in court, and then sought attorneys' fees for the costs of bringing that challenge to the final agency decision in the court system. Their fee request against the Commission has nothing to do with the separate contested case proceeding that they later

pursued.

¶ 24        The Commission next argues that Section 6-19.1 does not apply because the petitioners were not "prevailing parties" under the statute. This Court has "adopted the merits test as the proper standard for awarding attorney's fees to 'prevailing' parties pursuant to N.C. Gen. Stat. § 6–19.1." *H.B.S. Contractors, Inc. v. Cumberland Cty. Bd. of Educ.*, 122 N.C. App. 49, 57, 468 S.E.2d 517, 522–23 (1996). Under that test, "persons may be considered prevailing parties for the purposes of attorney's fees if they succeeded on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing the suit." *Id.* at 517, 468 S.E.2d at 523.

¶ 25        Here, Petitioners fall squarely into the definition of a prevailing party under the merits test. The Commission exercised its gatekeeper authority and denied Petitioners the right to challenge the underlying regulatory action in an administrative proceeding on the ground that Petitioners' challenge was frivolous. As noted above, this was a final agency decision. Petitioners then sought judicial review in the courts, and the trial court rejected the Commission's determination and ordered that Petitioners could pursue their administrative challenge to the permit. Under the merits test, Petitioners were the prevailing parties in that judicial review proceeding because they succeeded in the relief they sought when they petitioned for judicial review. *Id.*

¶ 26        The Commission and our dissenting colleague respond by arguing, in essence,

that this was not the end of the case but merely the beginning. They argue that the trial court's order sent the case back to begin an administrative proceeding, and thus Petitioners cannot claim to be "prevailing parties" because the administrative process is far from over at that stage. But this argument misses the point—the challenged state action was the Commission's final agency decision that Petitioners' request to begin an administrative review process was frivolous. This, in turn, prevented Petitioners from pursuing any administrative claims at all. Petitioners challenged that state action in court and prevailed, ending the court's role on that question. Thus, they are prevailing parties under the merits test, regardless of whether they ultimately prevailed in the administrative challenge to the permitting decision.

¶ 27    In sum, we hold that the trial court properly determined that it had authority to award attorneys' fees to Petitioners under N.C. Gen. Stat. § 6-19.1.

## II.    Substantial justification for agency decision

¶ 28    The Commission next argues that, even if the trial court had authority to award attorneys' fees under Section 6-19.1, the court abused its discretion when it determined that the Commission's position was not substantially justified.

¶ 29    The trial court's overall decision to award attorneys' fees under N.C. Gen. Stat. § 6-19.1 is reviewed for abuse of discretion. *Winkler*, 374 N.C. at 734, 843 S.E.2d at 213. But the determination of whether an agency "acted without substantial justification is a conclusion of law." *Early v. Cty. of Durham, Dep't of Soc. Servs.*, 193

N.C. App. 334, 346, 667 S.E.2d 512, 522 (2008). Substantial justification means "justified to a degree that could satisfy a reasonable person." *Williams v. N.C. Dep't of Env't & Nat. Res.*, 166 N.C. App. 86, 89–90, 601 S.E.2d 231, 233 (2004). "In order to show it acted with substantial justification, the burden is on the agency to demonstrate that its position, at and from the time of its initial action, was rational and legitimate to such a degree that a reasonable person could find it satisfactory or justifiable in light of the circumstances then known to the agency." *Id.* at 90, 601 S.E.2d at 233.

¶ 30        Here, the Commission explained its reasons for denying Petitioners' request for administrative review in a lengthy, written agency decision. The trial court rejected that reasoning and found it to be wrong. But the Commission's stated reasons—although wrong—on their face are ones that a reasonable person could find satisfactory or justifiable. Specifically, the Commission thoroughly analyzed each conceivable ground asserted in Petitioners' one-page request for administrative review and determined repeatedly that it would be "frivolous to hold a contested case hearing in OAH" with respect to those claims because there was no administrative jurisdiction or Petitioners could not prevail on the claims.

¶ 31        Still, this case is more complicated because the term "frivolous" is a term of art with a settled meaning in the context of legal or administrative claims. Importantly, frivolous does not mean unlikely to succeed or meritless. Instead, a claim is generally

viewed as "frivolous" only if its "proponent can present no rational argument based upon the evidence or law in support of it." *Philips v. Pitt Cty. Mem'l Hosp., Inc.*, 242 N.C. App. 456, 458, 775 S.E.2d 882, 884 (2015).

¶ 32     Petitioners contend that the Commission, although purporting to consider whether the claims were frivolous in its gatekeeping analysis, instead was examining whether it believed the claims had any merit or were likely to succeed. Petitioners assert that the Commission used this approach to readily deny administrative review of their claims, as the Commission has done with nearly all third-party requests for administrative review in recent years. Petitioners presented evidence concerning the Commission's practices including the final agency decision in this case; an affidavit discussing the origin of the "not frivolous" language in the statute; evidence that the Commission denied the vast majority of all third-party requests for administrative review as frivolous; and evidence that a Commission decision *after* the trial court in this case granted the petition for judicial review now clearly describes and applies the correct definition of the term "frivolous."

¶ 33     It is unclear from the trial court's order whether the trial court, too, found that the Commission knowingly applied the wrong standard in order to deny administrative review to Petitioners and other third-party claimants. In its order awarding fees, the trial court found that the central issue before the court in the proceeding was the Commission's "interpretation and application of the phrase 'not

frivolous' as set forth in N.C.G.S. § 113A-121.1(b)(3)." But the trial court did not make a specific finding that the Commission's erroneous analysis was an intended practice by the Commission, as opposed to a reasonable error in applying law to facts in its analysis in this case.

¶ 34        This is a critical fact question because, if the trial court found that the Commission knowingly was applying the wrong legal standard, that would constitute a lack of substantial justification. *Tay v. Flaherty*, 100 N.C. App. 51, 56, 394 S.E.2d 217, 220 (1990). In *Tay*, for example, this Court held that the Guilford County Department of Social Services was not substantially justified in terminating the petitioner's benefits—despite evidence that reasonable people could view the agency's actions as justified, such as affidavits from the trial judge and attorneys practicing in this subject matter area stating that they believed DSS acted appropriately—because there was evidence that DSS *knew* the applicable law did not support its position. *Id.*

¶ 35        Ordinarily, a trial court is not required to make any fact findings in awarding attorneys' fees under N.C. Gen. Stat. § 6-19.1 except for those addressing the reasonableness of the requested attorneys' fees. *Early*, 193 N.C. App. at 347, 667 S.E.2d at 522–23. However, because the trial court made fact findings concerning the Commission's conduct in this case, but did not make a finding concerning the Commission's knowledge of the appropriate test for assessing frivolous claims, we are reluctant to impute that finding to the trial court. This Court is permitted to review

the record to assess whether competent evidence supports implied findings by a trial court, but we cannot find facts ourselves. *Pharr v. Atlanta & C. Air Line Ry. Co.*, 132 N.C. 418, 423, 44 S.E. 37, 38 (1903) ("It is well settled that this court cannot find facts."). Thus, we believe the appropriate course is to remand to the trial court to provide an opportunity for the court to make additional fact findings that reflect the trial court's intent with respect to its ruling.

¶ 36 Accordingly, we vacate the trial court's order and remand for further proceedings. On remand, the trial court may enter a new order based on the existing record or may conduct any further proceedings necessary to resolve this matter in the interests of justice.

¶ 37 Because we are vacating the order and remanding for additional findings, we need not address the Commission's remaining challenges to the attorneys' fees award at this time. Likewise, we need not address our dissenting colleague's discussion of the amount of attorneys' fees awarded. But because our dissenting colleague suggests that the case should be remanded to determine whether the attorneys' fees reported by Petitioners' counsel are a violation of the Rules of Professional Conduct, we conclude by noting that the courts have concurrent jurisdiction over the professional conduct of attorneys appearing before them. *Boyce v. N.C. State Bar*, 258 N.C. App. 567, 576, 814 S.E.2d 127, 133 (2018). The trial court reviewed the attorneys' fees request, including the invoices and accompanying affidavits, and made a fact finding

that the fees were "fair and reasonable." To avoid any uncertainty on this question, we hold that the attorneys' fee request does not raise any ethical concerns under the Rules of Professional Conduct.

## Conclusion

¶ 38     We vacate the trial court's order and remand for further proceedings.

VACATED AND REMANDED.

Judge GRIFFIN concurs.

Judge TYSON dissents by separate opinion.

No. COA21-110 – *Batson v. Coastal Res. Comm'n*

TYSON, Judge, dissenting.

North Carolina follows the "American Rule" prohibiting or restricting awards of attorney's fees against an opposing party in an action. *Ehrenhaus v. Baker*, 243 N.C. App. 17, 27-8, 776 S.E.2d 699, 705-06 (2015). Under the "American Rule," each party is responsible to pay its own attorney's fees, whether they win, lose, settle, or draw in the underlying litigation. *In re King*, 281 N.C. 533, 540, 189 S.E.2d 158, 162 (1972). Our Supreme Court has also held a trial court may award attorney's fees only if and when strictly authorized by statute, narrowly construed. *City of Charlotte v. McNeely*, 281 N.C. 684, 691, 190 S.E.2d 179, 185 (1972). *See Stillwell Enters., Inc. v. Interstate Equip. Co.*, 300 N.C. 286, 290, 266 S.E.2d 812, 815 (1980) (Lease provision "allowing the lessor reasonable attorneys' fees should the lease obligation be collected by an attorney after maturity, can be enforced only to the extent that the same is expressly allowed by statute.").

Petitioners submitted a one-page request for authorization to pursue a contested case under North Carolina Administrative Procedure Act ("NCAPA"), N.C. Gen. Stat. § 150B (2021) to challenge a DOT highway bridge replacement permit the Commission had issued. Petitioners asserted "the bulkhead is to be constructed adjacent to our riparian / littoral properties."

The Commission reviewed the request and concluded Petitioners had failed to demonstrate "that the Request for a hearing is not frivolous" and properly denied their request. I agree the superior court's order must be reversed or vacated and

remanded. Upon remand, Petitioners' motion for attorney's fees must be dismissed. I respectfully dissent.

## I. Appellate Judicial Review

¶ 42      The superior court acted as a reviewing appellate court and was without jurisdiction to enter an award for attorney's fees because: (1) Petitioners did not seek or raise the issue of attorney's fees before the Commission or the Office of Administrative Hearings ("OAH") prior to dismissal of its contested case; (2) an appellate court cannot find facts to support an award of attorney's fees; and, (3) the superior court was divested of jurisdiction in this contested upon remand to the OAH.

¶ 43      Presuming the superior court had retained or possessed jurisdiction, upon remand Petitioners' motion must be dismissed because it does not allege any statutory basis to award attorney's fees. The superior court lacked any authority to award Petitioners' attorney's fees under these facts.

## II. Lack of Jurisdiction of Superior Court

### A. No Jurisdiction to Award Attorney's Fees

¶ 44      Appeals from the Commission to superior court are governed by N.C. Gen. Stat. §§ 113A-121.1(b) and 123(a) (2021). In reviewing the Commission's decision under this statute "the superior court sits as an appellate court, and no longer sits as the trier of fact." *Johnson v. Robertson*, 227 N.C. App. 281, 286, 742 S.E.2d 603, 607 (2013). The review of a superior court sitting as an appellate court "is based solely

upon the record from the prior proceedings." *N.C. Dep't of Transp. v. Davenport*, 108 N.C. App. 178, 181, 423 S.E.2d 327, 329 (1992) (citing *Batch v. Town of Chapel Hill*, 326 N.C. 1, 11, 387 S.E.2d 655, 662 (1990)).

¶ 45 Contrary to the majority's opinion, this Court as "an appellate court has the power to inquire into jurisdiction in a case before it at any time, even *sua sponte*." *Xiong v. Marks*, 193 N.C. App. 644, 652, 668 S.E.2d 594, 599 (2008) (citations omitted). "A jurisdictional default . . . precludes the appellate court from acting in any manner other than to dismiss the appeal." *Dogwood Dev. & Mgmt. Co. LLC v. White Oak Transp. Co.*, 362 N.C. 191, 197, 657 S.E.2d 361, 365 (2008) (citation omitted).

¶ 46 "[I]t is a universal rule of law that parties cannot, by consent, give a court, as such, jurisdiction over subject matter of which it would otherwise not have jurisdiction. Jurisdiction in this sense cannot be obtained by consent of the parties, waiver, or estoppel." *Hart v. Thomasville Motors, Inc.*, 244 N.C. 84, 88, 92 S.E.2d 673, 676 (1956) (citations omitted).

¶ 47 Our Appellate Rules require parties to preserve issues for appellate review by "present[ing] to the [lower court] a timely request, objection or motion[.]" N.C. R. App. P. 10(a)(1). Petitioners did not submit a request for attorney's fees initially to the Commission, in their petition for judicial review, or to the OAH at any time before or after the Petitioners and the North Carolina Department of Transportation

("DOT") settled and the contested case before the OAH was dismissed.

¶ 48        Petitioners also failed to preserve the right to petition for payment of attorney's fees in the Settlement Agreement, Release and Covenant Not to Sue or in the Jane's Creek Improvements Agreement between the DOT, the North Carolina Coastal Federation, and Petitioners.  The issue of attorney's fees was never properly asserted before any tribunal nor preserved prior to dismissal of the contested case.

¶ 49        In order to award attorney's fees, a court must find facts "to support the court's conclusion that this was a reasonable fee such as the time and labor expended, the skill required to perform the legal services rendered, the customary fee for like work, or the experience and ability of the attorney." *Morris v. Bailey*, 86 N.C. App. 378, 387, 358 S.E.2d 120, 125 (1987) (citations omitted).  A superior court sitting as an appellate court cannot make these factual findings when no motion and findings were made below.  *See Davenport*, 108 N.C. App. at 181, 423 S.E.2d at 329.

¶ 50        The majority's opinion cites *Daily Express, Inc. v. Beatty*, and asserts: "Petitioners were not required to assert their fee request before the Commission or in their initial petition for judicial review to confer subject matter jurisdiction on the trial court."  This conclusion is contrary to the holding in *Daily Express. Daily Express, Inc. v. Beatty*, 202 N.C. App. 441, 456, 688 S.E.2d 791, 802 (2010).  In that case, the petitioners had appealed to the superior court for *de novo* review pursuant to N.C. Gen. Stat. § 20-91.1, and not under N.C. Gen. Stat. §§ 113A-121.1(b) or the

NCAPA under § 150B. *See id.* at 449, 688 S.E.2d at 798.

¶ 51        In *Daily Express*, the petitioners had requested attorney's fees in the complaint and in the motion for summary judgment. The trial court awarded fees in its order of summary judgment and without a formal petition. *Id.* at 447, 688 S.E.2d at 797.

¶ 52        The trial court entered an order "granting Petitioner's motion for summary judgment; denying Respondent's motion for summary judgment; ordering Respondent to refund to Petitioner the full amount of the civil penalty assessed in the amount of $24,208.00 plus interest and ordering Respondent to pay to Petitioner its reasonable attorney's fees." *Id.* at 441-42, 688 S.E.2d at 793-94 (internal quotation marks and alterations omitted).

¶ 53        Here, the superior court's order on judicial review remanded the case, divesting jurisdiction, as established below. The superior court, sitting as an appellate court, could not find the requisite facts to award the attorney's fees, nor could it make such a conclusion on an issue not preserved in the settlement agreement or raised at any time before the Commission or the OAH. *Davenport*, 108 N.C. App. at 181, 423 S.E.2d at 329; N.C. R. App. P. 10(a)(1).

## B. Superior Court Divested of Jurisdiction upon Remand

¶ 54        "[A] court loses jurisdiction over a cause after it renders a final decree[.]" *Wildcatt v. Smith*, 69 N.C. App. 1, 11, 316 S.E.2d 870, 877 (1984) (citations omitted). By order entered 27 April 2020, the superior court granted Petitioners' Petition for

Judicial Review and remanded the case to allow Petitioners to file a contested case petition before the OAH. On 17 June 2020, Petitioners filed a "Corrected Petition for Fees and Costs Pursuant to N.C.G.S. § 6-19.1" in the superior court.

¶ 55        The parties entered mediated settlement talks on 28 July 2020. On 31 July 2020, the superior court held a hearing on Petitioners' motion for attorney's fees. The parties filed the Settlement Agreement, Release and Covenant Not to Sue and the Jane's Creek Improvements Agreement between the DOT, the Coastal Federation, and Petitioners with the OAH on 25 September 2020.

¶ 56        The majority's opinion cites *Hodge v. N.C. Dep't of Transp.*, 161 N.C. App. 726, 589 S.E.2d 737 (2003) for the proposition the trial court's remand disposition did not divest it of jurisdiction. This notion is contrary to the holding of *Hodge*. In *Hodge*, an employee challenged his dismissal before "the Office of Administrative Hearings, the State Personnel Commission, the Wake County Superior Court, . . . this Court," before our Supreme Court held the employee had been improperly classified as "policymaking exempt" and terminated. *Id.* at 727, 589 S.E.2d at 738.

¶ 57        The employee was reinstated and awarded back pay. *Id.* Seventeen months after the Supreme Court had entered its decision, the employee petitioned in superior court for attorney's fees pursuant to N.C. Gen. Stat. § 6-19.1. *Id.* This Court reversed the superior court's award of attorney's fees because the petition was filed seventeen months after the Supreme Court's decision, which occurred well after the

"jurisdictional prerequisite." *Id.* at 729, 589 S.E.2d at 739. *Hodge* does not provide any guidance or binding precedent for a trial court retaining jurisdiction over attorney's fees following a jurisdictionally-divesting remand. *Id.*

¶ 58 The superior court's award of attorney's fees is not related to the court's ability to "correct or enforce its judgment." *Id.* The superior court divested jurisdiction when the 27 April 2020 judicial review remand order was entered. The parties had invoked jurisdiction under the NCAPA, and had begun to hold §150B contested case proceedings with the OAH. The superior court's award of attorney's fees is properly vacated. *See Alexander v. N.C. State Bd. of Elections*, __ N.C. App. __, __, 2022-NCCOA-52, ¶ 28, __ S.E.2d __, __ (2022) (Three judge panel was without jurisdiction to award attorney's fees where trial court retained jurisdiction over as applied challenges.).

### III.    Statutory Authority to Award Fees

¶ 59 The Commission also correctly argues N.C. Gen. Stat. § 6-19.1 does not apply to its actions in its statutory gatekeeping role under N.C. Gen. Stat. § 113.121.1 (2021), or thereafter to this contested case under N.C. Gen. Stat. § 150B.

¶ 60 N.C. Gen. Stat. § 6-19.1(a) expressly exempts attorney's fees to a petitioner contesting an agency decision, "(a) In any civil action . . . brought by a party who is contesting State action pursuant to G.S. 150B-43 [Right to Judicial Review] or any other appropriate provisions of law." N.C. Gen. Stat. § 6-19.1(a) (2021).

¶ 61 When interpreting the parties' arguments, we must first determine the relative applicability of N.C. Gen. Stat. § 150B-33(b) and N.C. Gen. Stat. § 6-19.1. In reviewing these statutes, we are guided by several well-established principles and precedents of statutory construction.

¶ 62 "The principal goal of statutory construction is to accomplish the legislative intent." *Lenox, Inc. v. Tolson*, 353 N.C. 659, 664, 548 S.E.2d 513, 517 (2001) (citation omitted). "The best indicia of that intent are the language of the statute . . . , the spirit of the act and what the act seeks to accomplish." *Coastal Ready-Mix Concrete Co. v. Bd. of Comm'rs*, 299 N.C. 620, 629, 265 S.E.2d 379, 385 (1980) (citation omitted).

¶ 63 "When construing legislative provisions, this Court looks first to the plain meaning of the words of the statute itself[.]" *State v. Ward*, 364 N.C. 157, 160, 694 S.E.2d 729, 731 (2010). "Interpretations that would create a conflict between two or more statutes are to be avoided, and statutes should be reconciled with each other whenever possible." *Taylor v. Robinson*, 131 N.C. App. 337, 338, 508 S.E.2d 289, 291 (1998) (citations, internal quotation marks, and ellipses omitted). "[S]tatutes *in pari materia* must be read in context with each other." *Cedar Creek Enters. v. Dep't of Motor Vehicles*, 290 N.C. 450, 454, 226 S.E.2d 336, 338 (1976) (citation omitted).

¶ 64 "[W]hen two statutes arguably address the same issue, one in specific terms and the other generally, the specific statute controls." *High Rock Lake Partners, LLC*

*v. N.C. Dep't of Transp.*, 366 N.C. 315, 322, 735 S.E.2d 300, 305 (2012) (citations omitted). Our Supreme Court further held: "when that specific statute is clear and unambiguous, we are not permitted to engage in statutory construction in any form. [Our Courts] may not construe the statute in pari materia with any other statutes, including those that treat the same issue generally." *Id.*

¶ 65 Further, "where a literal interpretation of the language of a statute will lead to absurd results, or contravene the manifest purpose of the Legislature, as otherwise expressed, the reason and purpose of the law shall control." *State v. Beck*, 359 N.C. 611, 614, 614 S.E.2d 274, 277 (2005) (quoting *Mazda Motors of Am., Inc. v. Sw. Motors, Inc.,* 296 N.C. 357, 361, 250 S.E.2d 250, 253 (1979)).

¶ 66 In *Winkler v. N.C. State Bd. of Plumbing*, 374 N.C. 726, 730, 843 S.E.2d 207, 210 (2020), cited in the majority's opinion, our Supreme Court interpreted N.C. Gen. Stat. § 6-19.1(a) in the context of a superior court awarding attorney's fees in a disciplinary action by a licensing board. The Supreme Court held the "words and punctuation used in N.C.G.S. § 6-19.1" are ambiguous. *Id.*

¶ 67 Our Supreme Court also held the purpose of the amendment in N.C. Gen. Stat. § 6-19.1 was to "curb unwarranted, ill-supported *suits initiated by State agencies*" that occur "when a State agency . . . press[es] a *claim against [a] party 'without substantial justification.'*" *Crowell Constructors v. State ex rel. Cobey*, 342 N.C. 838, 844, 467 S.E.2d 675, 679 (1996) (emphasis supplied).

¶ 68 The State neither "initiate[d]" nor "press[ed]" a claim against the Petitioners "without substantial justification" to satisfy the statute. *Crowell Constructors*, 342 N.C. at 844, 467 S.E.2d at 679; N.C. Gen. Stat. § 6-19.1(a). Ignoring the more specific provisions of N.C. Gen. Stat. § 150B-33(b)(11), any reliance upon N.C. Gen. Stat. § 6-19.1 under these facts and procedural history is reversible error.

¶ 69 The NCAPA contains a specific attorney's fees provision that is applicable to agency actions and "contested cases" and pre-empts N.C. Gen. Stat. § 6-19.1(a) in this case. Under the NCAPA for an "aggrieved party":

> an administrative law judge may: Order the assessment of reasonable attorneys' fees and witnesses' fees against the State agency involved in contested cases decided under this Article where the administrative law judge finds that the State agency named as respondent has substantially prejudiced the petitioner's rights and has acted arbitrarily or capriciously or under Chapter 126 where the administrative law judge finds discrimination, harassment, or orders reinstatement or back pay.

N.C. Gen. Stat. § 150B-33(b)(11) (2021).

¶ 70 The requirements of N.C. Gen. Stat. § 113A-121.1(b) outline and delineate Petitioners' action to challenge the Commission's DOT bridge replacement permit:

> A *person other than a permit applicant* or the Secretary who is dissatisfied with a decision to deny or grant a minor or major development permit *may file a petition for a contested case hearing only if the Commission determines that a hearing is appropriate.* A request for a determination of the appropriateness of a contested case hearing shall be made in writing and received by the

Commission within 20 days after the disputed permit decision is made. *A determination* of the appropriateness of a contested case shall be made within 30 days after a request for a determination is received and *shall be based* on whether *the person seeking to commence a contested case:*

> (1) Has alleged that the *decision is contrary* to a statute or rule;
>
> *(2)* Is *directly affected* by the decision; *and*
>
> (3) *Has alleged facts or made legal arguments that demonstrate that the request for the hearing is not frivolous.*

N.C. Gen. Stat. § 113A-121.1(b)(2021) (emphasis supplied).

¶ 71        All three of these elements are stated in the conjunctive and must be satisfied by Petitioner. *Id.*; s*ee Lithium Corp. of Am. v. Town of Bessemer City*, 261 N.C. 532, 535, 135 S.E.2d 574, 577 (1964) ("Ordinarily, when the conjunctive 'and' connects words, phrases or clauses of a statutory sentence, they are to be considered jointly.") (citation omitted).

¶ 72        The Commission denied Petitioners' request for a contested case hearing under N.C. Gen. Stat. § 150B, based upon Petitioners' failure in its one-page petition to carry its burden to allege evidence or to assert legal arguments to demonstrate the DOT bridge replacement permit violated any "statute or rule." N.C. Gen. Stat. § 113A-121.1. The Commission's threshold gate-keeping standard of review under this

statute correctly places the burden on Petitioners to meet all statutory requirements. *Id.*

¶ 73    This "burden on Petitioners" is an even lower standard for a court to uphold the Commission than the standard of review under a Rule 12(b) motion, which places the burden on the movant and deferentially reviews the non-movant's pleadings. *Id.*; *see Holton v. Holton*, 258 N.C. App. 408, 416, 813 S.E.2d 649, 655 (2018) ("The scope of our review is 'whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory.'") (citation omitted).

¶ 74    Under either this "only if the Commission determines" statutory standard, under N.C. Gen. Stat. § 113A-121.1, or under a Rule 12(b) standard, Petitioners are not a "prevailing party." The reviewing court made no decision on the underlying merits, if any, of Petitioners' claims asserted in its *de minimis* one-page petition, other than it was "not frivolous." *See* N.C. Gen. Stat. § 113A-121.1(b)(3). Respondent correctly argues Petitioners cannot meet the definition of being a "prevailing party" since the interlocutory remand order only allowed Petitioner *to file* a contested case and is not a final determination on any merits.

¶ 75    No final determination on the underlying issues or merits of their one-page assertions was *ever* reached because Petitioners settled with DOT, after mediation, without the Commission being a party thereto.

¶ 76        After Petitioners filed their contested case petition in Office of Administrative Hearings, the parties mediated. The parties agreed the DOT would request a modification of the permit at issue and settled the case. The Commission was not present or a party to the mediated settlement agreement. "[T]he mere fact that plaintiffs obtained a settlement does not automatically transform them into prevailing parties for purposes of an award of attorney's fees." *House v. Hillhaven, Inc.*, 105 N.C. App. 191, 195, 412 S.E.2d 893, 896 (1992).

¶ 77        The Commission correctly argues its "gatekeeping" and threshold determination under the statute was not the end of the case, but was merely the beginning, similar to the court's denial of a Rule 12(b) dismissal motion. The Commission also correctly contends the superior court's order was interlocutory and merely sent the case back *to begin* an administrative contested case proceeding under N.C. Gen. Stat. § 150B.

¶ 78        Petitioners cannot claim to be "prevailing parties" because the administrative review on a contested case was just beginning at that stage. Upon *de novo* review, the superior court's conclusion of law that "[t]he petitioners, therefore were the prevailing party" is erroneous, prejudicial, and is properly vacated.

¶ 79        Contrary to the majority's notion, our Supreme Court's interpretation and holding in *Winkler* is neither applicable nor controlling to the facts or procedural history *sub judice*. In *Winkler*, the Court recognized "a disciplinary action does not

become a civil action until either party petitions for judicial review of the decision of the board or commission, and the matter becomes a contested case before a judge." *Winkler*, 374 N.C. at 733, 443 S.E.2d at 212.

¶ 80    The Supreme Court merely held the General Assembly had shown no intent to prohibit a superior court from awarding attorney's fees in a disciplinary action by a licensing board. *Id.* at 734, 843 S.E.2d at 213. Despite this *dicta*, the Court's final holding in *Winkler* was to *deny* the award of attorney's fees. *Id.* at 736, 843 S.E.2d at 214. Nothing in the facts nor procedural history of this case remotely resembles the facts or procedural posture that was present in *Winkler*.

## IV.    Presuming Statutory Authority to Award

¶ 81    Even if the trial court could have considered the Petitioners' motion for attorney's fees at this point *under any statutory authority or legal theory*, Petitioners' motion should be remanded for the eight findings under Rule 1.5 regarding fees under the State Bar's statutory authority stated in N.C. Gen. Stat. § 84-23 (2021):

> (a) A lawyer shall not make an agreement for, charge, or collect an illegal or clearly excessive fee or charge or collect a clearly excessive amount for expenses. The factors to be considered in determining whether a fee is clearly excessive include the following:
>
> > (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> >
> > (2) the likelihood, if apparent to the client, that the

acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

27 N.C. Admin. Code 2.1.05 (Supp. 2021). These eight factors must be satisfied by the claimant and found conjunctively. *See Lithium Corp. of Am.*, 261 N.C. at 535, 135 S.E.2d at 577.

¶ 82        In 2007, the State Bar issued Formal Ethics Opinion 13 under Rule 1.5  and ruled an attorney must: (1) "establish a reasonable hourly rate for his services *and for the services of his staff*" to insure honest billing predicated on hourly charges; (2) "disclose the basis for the amounts charged[;]" (3) "avoid wasteful, unnecessary, or redundant procedures[;]" and (4) "ensure the total cost to the client is *not clearly excessive.*"  2007 Formal Ethics Opinion 13 (emphasis supplied).

¶ 83        A superior court must make findings addressing the reasonableness of the requested fees prior to awarding attorney's fees. *Early v. County of Durham, Dep't of Soc. Servs.*, 193 N.C. App. 334, 347, 667 S.E.2d 512, 522–23 (2008). This Court exercises authority to review the record *de novo* to assess whether competent evidence supports the trial court's findings and whether its finding support the *de novo* review of its application and conclusions of laws. *Pharr v. Atlanta & C. Air Line Ry. Co.*, 132 N.C. 418, 423, 44 S.E. 37, 38 (1903).

¶ 84        Returning to *Winkler*, the Supreme Court "adopted a middle-ground objective standard to require the agency to demonstrate that its position, at and from the time of its initial action, was rational and legitimate to such degree that a reasonable person *could* find it satisfactory or justifiable in light of the circumstances then known to the agency." *Winkler*, 374 N.C. at 735, 843 S.E.2d at 213.

¶ 85        The Supreme Court concluded: "Despite failing to prevail on the merits of its claim, the Board was substantially justified in contending that Winkler engaged in the type of conduct the Board was authorized to discipline." *Id.* The Supreme Court held, "the trial court erred in awarding Winkler attorney's fees, pursuant to N.C.G.S. § 6-19.1, because there was substantial justification for the Board's claims." *Id.*

¶ 86        The Commission clearly explained its threshold denial of Petitioners' request for a contested case administrative review under N.C. Gen. Stat. § 150B in a lengthy,

written agency decision. The Commission thoroughly analyzed each conceivable ground Petitioners had asserted in their one-page request for administrative review.

¶ 87 The Commission repeatedly determined that it would be "frivolous to hold a contested case hearing in OAH" under N.C. Gen. Stat. § 150B with respect to those claims because no administrative jurisdiction existed under N.C. Gen. Stat. § 113A-121.1(b) and Petitioners had failed to carry their burden and demonstrate a threshold showing of any basis to prevail on the claims. Although the superior court rejected that reasoning, the Commission's bases as stated on their face, as in *Winkler*, are ones which a "reasonable person could find" satisfactory or justifiable. *Id.* at 736, 843 S.E.2d at 214.

¶ 88 Presuming N.C. Gen. Stat. § 6-19.1(a) has applicability to these facts and procedural posture, the reviewing court cannot enter *any award* of fees until:

> (1) The court finds that the *agency acted without substantial justification in pressing its claim* against the party; and
>
> (2) The court finds that there are *no special circumstances that would make the award of attorney's fees unjust*. The party *shall petition* for the attorney's fees within 30 days *following final disposition of the case*. The petition shall be supported by an affidavit setting forth the basis for the request.

*Id.* (emphasis supplied).

¶ 89    Petitioners' motion for attorney's fees asserts reimbursement and payment for 194.3 hours, all billed at one rate of $475.00 per hour, and seeks over $90,000 in taxpayer funds.    The motion contains no delineation of partners, associates, or paralegal hours spent or rates billed, only one set hourly rate.    *See* 27 N.C. Admin. Code 2.1.05; 2007 Formal Ethics Opinion 13.

¶ 90    The Commission also asserts it is unjust to award fees for work performed when the invoices do not support the claim and Petitioners fail to differentiate between the hours their attorney spent pursuing an injunction against DOT and those spent working on the petition for judicial review of the Commission's permit.

¶ 91    The superior court's finding of fact 11 confirms the Commission's arguments as follows:

> 11. Beginning on June 1, 2019 and continuing through April 30, 2020, attorney Wright *and his staff* provided to the petitioners 194.2 hours of valuable legal services in connection with the judicial review *and injunctive relief proceedings* before the court. Using a fair and reasonable hourly rate of $475.00, the appropriate reasonable attorney's fee recoverable by petitioners for these legal services totals $92,245.00. The petitioners also incurred during that time reasonable costs of $2,248.36. The court incorporates the affidavit of attorney Wright and the detailed invoices generated by him that *described his legal work*. These invoices were sent to his clients who have paid $53,000.00 of the billed total. The court finds that these invoices provide adequate and reasonable documentation of the time expended in the representation of the petitioners. (emphasis supplied).

¶ 92     The superior court's conclusion of law number 4 states, in part, that "[t]he [Commission's] conclusion that the claims and allegations of CAMA permitting violations raised by the petitioners were frivolous and groundless was not supported by the record." Conclusion of law number 8 states, in part, that "[t]he petitioners are to be awarded $89,444.36 in attorney's fees and costs." These conclusions of law are erroneous, prejudicial, and are properly vacated or reversed.

## V.     Conclusion

¶ 93     The superior court, as a reviewing appellate court, remanded jurisdiction for Petitioners to file a petition for a contested case under the NCAPA. That court's jurisdiction ended, and no authority remained for it to consider Petitioners' pre-emptory motion for attorney's fees. Neither Petitioners' petition for judicial review, nor the settlement agreement with DOT, nor the dismissal of the contested case before the OAH  preserved Petitioners' right to seek attorney's fees. Petitioners also failed to file any motion for attorney's fees before the Commission under N.C. Gen. Stat. § 113A or before the OAH pursuant to N.C. Gen. Stat. § 150B-33(b)(11).

¶ 94     As the Supreme Court held in *Winkler,* under *de novo* review, the Commission, "[d]espite failing to prevail on the merits of its claim, . . .  was substantially justified in" concluding Petitioners' one-page petition failed to carry its burden and to comply with N.C. Gen. Stat. § 113A-121.1(b).   "[T]he trial court erred in awarding [Petitioners'] attorney's fees, pursuant to N.C.G.S. § 6-19.1, because there was

substantial justification for the [Commission's reasoned decision]." *Winkler,* 374 N.C. at 736, 843 S.E.2d at 214; *see Crowell Constructors,* 342 N.C. at 844, 467 S.E.2d at 679 (N.C. Gen. Stat. § 6-19.1 was intended to "curb unwarranted, ill-supported *suits initiated by State agencies*" that occur "when a State agency . . . press[es] a *claim against [a] party 'without substantial justification.'*") (emphasis supplied).

¶ 95        The superior court's order is properly vacated and remanded for dismissal of Petitioners' motion for attorney's fees under any and all of the grounds shown above. I respectfully dissent.